UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
CASE NO. 24-13063-JJ
_____

UNITED STATES OF AMERICA,
APPELLEE,

v.

ANDREW A. FAHIE,
APPELLANT.
_____

ON DIRECT APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.
HON. KATHLEEN M. WILLIAMS, U.S. DISTRICT JUDGE
_____

APPENDIX OF APPELLANT – VOLUME 1
ANDREW A. FAHIE
_____

THIS CASE IS ENTITLED TO PREFERENCE – CRIMINAL APPEAL
_____

BENEDICT P. KUEHNE
KUEHNE DAVIS LAW, P.A.
100 S.E. 2 ST., SUITE 3650
MIAMI, FL 33131-2154
TEL: 305.789.5989
FAX: 305.789.5987
EFILING@KUEHNELAW.COM
COUNSEL FOR APPELLANT

# INDEX OF APPENDIX

## Volume 1

Docket/Page#

Docket Sheet Case No. 1:22-cr-20191 ……………………………………DS

Superseding Indictment (11-9-2022) ………………………………DE61

Jury Instructions (3-8-2024) ……………………………………DE253

Verdict (3-8-2024) …………………………………………DE254

Judgment (8-9-2024) ………………………………………DE290

Notice of Appeal (9-19-2024) ……………………………………DE296

Order Granting Access to Sealed DEs (1-27-2026) …………………DE354

## Volume 2

Docket/Page#

Motion for Production and Inspection (2-2-2023) ……………………DE79
    (submitted under seal)

Gov't Response to Motion (2-13-2023) ………………………................DE82
    (submitted under seal)

Reply to Gov't Response (2-16-2023) …………………………………DE83
    (submitted under seal)

Ex Parte Submssion by Defense (5-10-2023) ……….............................DE96
    (pages 1-211) (submitted under seal)

## Volume 3

Docket/Page#

Ex Parte Submssion by Defense Cont. (5-10-2023) ……................…DE96
     (pages 212-258) (submitted under seal)

Renewed Motion for Production (11-2-2023) …………...................…DE131
     (submitted under seal)

Gov't Response to Renewed Motion (11-16-2023) ……..................…DE134
     (submitted under seal)

Motion to Dismiss (11-20-2023) ….............................................…DE137
     (submitted under seal)

Response to MTD (12-5-2023) ……………….…...........................…DE143
     (submitted under seal)

Reply to Response to MTD (12-7-2023) ……………......................…DE146
     (submitted under seal)

Ex Parte Submission by Gov't (1-17-2024) …………….…..........…DE203
     (submitted under seal) (highlighting unintentionally added)

Final PSI (8-8-2024) ……………...…...........................................…DE289
     (submitted under seal)

DS

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:22-cr-20191-KMW All Defendants

Case title: USA v. Fahie et al

Date Filed: 05/10/2022

Magistrate judge case number: 1:22-mj-02719-JG

Date Terminated: 08/08/2024

---

Assigned to: Judge Kathleen M. Williams

Appeals court case number: 24-13063-J
USCA

**Defendant (1)**

**Andrew Alturo Fahie**                      represented by   **Benedict P. Kuehne**
07491-506                                                     Kuehne Davis Law, P.A.
*YOB: 1970; English*                                          100 S.E. 2nd Street, Suite 3105
*TERMINATED: 08/08/2024*                                      Miami, FL 33131-2154
*also known as*                                               305-789-5989
Head Coach                                                    Fax: 305-789-5987
*TERMINATED: 08/08/2024*                                      Email: ben.kuehne@kuehnelaw.com
*also known as*                                               *LEAD ATTORNEY*
Coach                                                         *ATTORNEY TO BE NOTICED*
*TERMINATED: 08/08/2024*                                      *Designation: CJA Appointment*

                                                              **Joyce Adriana Delgado**
                                                              Venable LLP
                                                              100 SE 2nd St.
                                                              Ste 4400
                                                              Miami, FL 33131
                                                              954-453-8000
                                                              Email: jadelgado@venable.com
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Designation: Retained*

                                                              **Richard Francis Della Fera**
                                                              Law Offices of Richard F. Della Fera, PA
                                                              500 E. Broward Blvd.
                                                              Ste 900
                                                              Fort Lauderdale, FL 33394
                                                              954-828-2872
                                                              Fax: 954-848-2870
                                                              Email: rdf@rdfattorney.com
                                                              *TERMINATED: 09/20/2024*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Designation: Retained*

                                                              **Theresa Mary Bailey Van Vliet**
                                                              Genovese Joblove & Battista, P.A.

2000 E. Broward Boulevard
Suite 1110
Fort Lauderdale, FL 33301
305-349-2300
Fax: 305-349-2310
Email: tmvanvliet@venable.com
*TERMINATED: 09/20/2024*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:U.S.C.§963 CONSPIRACY TO IMPORT A CONTROLLED SUBSTANCE (1s) | IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. SUPERVISED RELEASE: Five (5) Years - This term consists of (5) Years as to Count 1 and 3 Years as to each of Counts 2 Through 4, all such terms run concurrently. |
| 18:U.S.C.§1956(h) CONSPIRACY TO ENGAGE IN MONEY LAUNDERING (2s) | IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. SUPERVISED RELEASE: Five (5) Years - This term consists of (5) Years as to Count 1 and 3 Years as to each of Counts 2 Through 4, all such terms run concurrently. |
| 18:U.S.C.§1956(a)(2)(A) ATTEMPTED MONEY LAUNDERING (3s) | IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. SUPERVISED RELEASE: Five (5) Years - This term consists of (5) Years as to Count 1 and 3 Years as to each of Counts 2 Through 4, all such terms run concurrently. |
| 18:U.S.C.§1952(a)(3)INTERSTATE AND FOREIGN TRAVEL IN AID OF RACKETEERING (4s) | IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. SUPERVISED RELEASE: Five (5) Years - This term consists of (5) Years as to Count 1 and 3 Years as to each of Counts 2 Through 4, all such terms run concurrently. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO IMPORT A CONTROLLED SUBSTANCE | DISMISSED. |

21:963=CI\$
(1)

| | |
|---|---|
| CONSPIRACY TO ENGAGE IN MONEY LAUNDERING 18:1956-4999.F (2) | DISMISSED. |
| ATTEMPTED MONEY LAUNDERING 18:1956.F (3) | DISMISSED. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| Conspiracy to Import five Kilograms or More of Cocaine 21:963=NI.F, Conspiracy to Launder Money 18:1956-6701.F | |

---

Assigned to: Judge Kathleen M. Williams

**Defendant (2)**

| | | |
|---|---|---|
| **Oleanvine Pickering Maynard** 07490-506 *YOB: 1962; English* *TERMINATED: 06/25/2024* also known as Rose *TERMINATED: 06/25/2024* also known as P *TERMINATED: 06/25/2024* | represented by | **Noticing FPD-MIA** 305-530-7000 Email: MIA_ECF@FD.org *TERMINATED: 05/13/2022* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Temporary* |
| | | **Raymond D'Arsey Houlihan , III** Federal Public Defender's Office 150 W Flagler Street Miami, FL 33130-1556 305-530-7000 Fax: 536-4559 Email: d'arsey_houlihan@fd.org *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Public Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 21:U.S.C.§963 CONSPIRACY TO IMPORT A CONTROLLED SUBSTANCE (1s) | IMPRISONMENT: 112 months. SUPERVISED RELEASE: 5 years. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

CONSPIRACY TO IMPORT A
CONTROLLED SUBSTANCE
21:963=CI.F                                     DISMISSED.
(1)

CONSPIRACY TO ENGAGE IN MONEY
LAUNDERING 18:1956-4999.F                       DISMISSED.
(2)

18:U.S.C.§1956(h) CONSPIRACY TO
ENGAGE IN MONEY LAUNDERING                      DISMISSED.
(2s)

ATTEMPTED MONEY LAUNDERING
18:1956.F                                       DISMISSED.
(3)

18:U.S.C.§1956(a)(2)(A) ATTEMPTED
MONEY LAUNDERING                                DISMISSED.
(3s)

18:U.S.C.§1952(a)(3)INTERSTATE AND
FOREIGN TRAVEL IN AID OF
RACKETEERING                                    DISMISSED.
(5s)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| Conspiracy to Import five Kilograms or More of Cocaine 21:963=NI.F, Conspiracy to Launder Money 18:1956-6701.F | |

---

Assigned to: Judge Kathleen M. Williams

**Defendant (3)**

**Kadeem Stephan Maynard**          represented by  **Jose Rafael Rodriguez**
98460-509                                           6367 Bird Road
*YOB: 1991; English*                                Miami, FL 33155
*TERMINATED: 11/22/2023*                            305-667-4445
*also known as*                                     Fax: 667-4118
Blacka                                              Email: jrafrod@bellsouth.net
*TERMINATED: 11/22/2023*                            *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 21:U.S.C.§963 CONSPIRACY TO IMPORT A CONTROLLED SUBSTANCE (1s) | IMPRISONMENT: 57 months. SUPERVISED RELEASE: 5 years. |

**Highest Offense Level (Opening)**

| **Terminated Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO IMPORT A CONTROLLED SUBSTANCE 21:963=CI.F (1) | Dismissed |
| CONSPIRACY TO ENGAGE IN MONEY LAUNDERING 18:1956-4999.F (2) | Dismissed |
| 18:U.S.C.§1956(h) CONSPIRACY TO ENGAGE IN MONEY LAUNDERING (2s) | Dismissed |
| ATTEMPTED MONEY LAUNDERING 18:1956.F (3) | Dismissed |
| 18:U.S.C.§1956(a)(2)(A) ATTEMPTED MONEY LAUNDERING (3s) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| Conspiracy to Import five Kilograms or More of Cocaine 21:963=NI.F, Conspiracy to Launder Money 18:1956-6701.F | |

---

**Plaintiff**

| **USA** | represented by | **Frederic Shadley** |
|---|---|---|
| | | US Attorney's Office |
| | | HIDTA |
| | | 11200 N.W. 20th Street |
| | | Miami, FL 33172 |
| | | 305-715-7649 |
| | | Fax: 305-715-7639 |
| | | Email: frederic.shadley@usdoj.gov |
| | | *TERMINATED: 05/03/2023* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Gabrielle Raemy Charest-Turken** |
| | | DOJ-USAO |
| | | 99 NE 4th Street |
| | | Miami, FL 33132 |
| | | 305-961-9001 |
| | | Email: Gabrielle.Charest- |

Turken@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Kevin Gerarde**
DOJ-USAO
99 NE 4th Street
Ste 6th Floor
Miami, FL 33132
305-961-9086
Email: Kevin.Gerarde@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jonathan David Colan**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9383
Fax: 536-7214
Email: Jonathan.Colan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sean Thomas McLaughlin**
DOJ-USAO
Hidta
11200 NW 20th Street
Ste 101
Miami, FL 33172
305-715-7642
Fax: 305-715-7639
Email: sean.mclaughlin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Shane Butland**
US Attorney's Office
Miami, FL
305-961-9123
Email: shane.butland@usdoj.gov
*TERMINATED: 05/03/2023*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2022 | 1 | COMPLAINT as to Andrew Alturo Fahie (1), Oleanvine Pickering Maynard (2), Kadeem Stephan Maynard (3). (mdc) [1:22-mj-02719-JG] (Entered: 04/28/2022) |
| 04/28/2022 | | SYSTEM ENTRY - Docket Entry 2 restricted/sealed until further notice. (mdc) [1:22-mj-02719-JG] (Entered: 04/28/2022) |

| 04/28/2022 | | Arrest of Kadeem Stephan Maynard in District of the Virgin Islands. (jbs) [1:22-mj-02719-JG] (Entered: 05/05/2022) |
|---|---|---|
| 04/29/2022 | 5 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance as to Andrew Alturo Fahie held on 4/29/2022. Bond recommendation/set: Andrew Alturo Fahie (1) Government Request Pretrial Detention- No Hearing Held. Date of Location Custody (Arrest or Surrender): 4/28/2022. Arraignment set for 5/13/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Detention Hearing set for 5/4/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Preliminary Examination set for 5/13/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Attorney added: Theresa Mary Bailey Van Vliet for Andrew Alturo Fahie (Digital JG_01_04-29-2022/ Zoom (1:30pm; 1:35pm))<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Jonathan Goodman on 4/29/2022. (fbn) [1:22-mj-02719-JG] (Entered: 05/02/2022) |
| 04/29/2022 | 6 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: Initial Appearance as to Oleanvine Pickering Maynard held on 4/29/2022. Bond recommendation/set: Oleanvine Pickering Maynard (2) Government Request Pretrial Detention- No Hearing Held.. Date of Location Custody (Arrest or Surrender): 4/28/22. Arraignment set for 5/13/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Detention Hearing set for 5/4/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Preliminary Examination set for 5/13/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Report Re: Counsel Hearing set for 5/4/2022 10:00 AM in Miami Division before MIA Duty Magistrate. (Digital JG_01_04-29-2022/ Zoom (1:30pm; 1:35pm))<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Jonathan Goodman on 4/29/2022. (fbn) [1:22-mj-02719-JG] (Entered: 05/02/2022) |
| 05/02/2022 | 3 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Theresa Mary Bailey Van Vliet appearing for Andrew Alturo Fahie (Van Vliet, Theresa) [1:22-mj-02719-JG] (Entered: 05/02/2022) |

| 05/02/2022 | 4 | NOTICE *of Invocation of Immunity* by Andrew Alturo Fahie re 1 Complaint (Van Vliet, Theresa) [1:22-mj-02719-JG] (Entered: 05/02/2022) |
|---|---|---|
| 05/02/2022 | 7 | NOTICE OF ATTORNEY APPEARANCE Shane Butland appearing for USA. . Attorney Shane Butland added to party USA(pty:pla). (Butland, Shane) [1:22-mj-02719-JG] (Entered: 05/02/2022) |
| 05/03/2022 | 8 | Response *to Notice of Invocation of Immunity* by USA as to Andrew Alturo Fahie to 4 Notice (Other) (Shadley, Frederic) [1:22-mj-02719-JG] (Entered: 05/03/2022) |
| 05/04/2022 | 9 | MOTION for Pre-Trial Detention by USA as to Andrew Alturo Fahie, Oleanvine Pickering Maynard. Responses due by 5/18/2022 (Shadley, Frederic) [1:22-mj-02719-JG] (Entered: 05/04/2022) |
| 05/04/2022 | 10 | NOTICE *of Filing Exhibits* by Andrew Alturo Fahie (Van Vliet, Theresa) [1:22-mj-02719-JG] (Entered: 05/04/2022) |
| 05/04/2022 | 12 | Minute Order for proceedings held before Magistrate Judge Alicia M. Otazo-Reyes: Status Conference regarding Report Re: Counsel as to Andrew Alturo Fahie held on 5/4/2022., Detention Hearing as to Andrew Alturo Fahie held on 5/4/2022. Witness sworn and testified. Witness, Brian Witek (Special Agent/ DEA) testified. Defendant Exhibit A-Admitted (D.E. 10). Bond recommendation/set: Andrew Alturo Fahie (1) $500,000 Corporate Surety Bond with Nebbia. Government request for Stay of Bond pending appeal-Granted. The Government has until 5/5/2022 to file appeal. (Digital 12:01:16) Signed by Magistrate Judge Alicia M. Otazo-Reyes on 5/4/2022. (fbn) [1:22-mj-02719-JG] (Entered: 05/04/2022) |
| 05/04/2022 | | Set/Reset Deadlines/Hearings as to Andrew Alturo Fahie: Arraignment set for 5/25/2022 at 10:00 AM in the Miami Division before MIA Duty Magistrate. Report Re: Counsel Hearing set for 5/25/2022 at 10:00 AM in the Miami Division before MIA Duty Magistrate. (fbn) [1:22-mj-02719-JG] (Entered: 05/04/2022) |
| 05/04/2022 | 11 | Minute Order for proceedings held before Magistrate Judge Alicia M. Otazo-Reyes: Report Re: Counsel Hearing as to Oleanvine Pickering Maynard held on 5/4/2022, Status Conference Re: Detention Hearing as to Oleanvine Pickering Maynard held on 5/4/2022. AFPD appointment (TEMPORARY). 30 Day Financial Report., ( Detention Hearing set for 5/6/2022 at 10:00 AM in the Miami Division before MIA Duty Magistrate., Report Re: Counsel Hearing set for 5/6/2022 at 10:00 AM in the Miami Division before MIA Duty Magistrate.). Attorney added: Noticing FPD-MIA-TEMP for Oleanvine Pickering Maynard (Digital 12:01:16) Signed by Magistrate Judge Alicia M. Otazo-Reyes on 5/4/2022. (fbn) [1:22-mj-02719-JG] (Entered: 05/04/2022) |
| 05/05/2022 | 15 | NOTICE *of Bond Appeal* by USA as to Andrew Alturo Fahie (Shadley, Frederic) [1:22-mj-02719-JG] (Entered: 05/05/2022) |
| 05/05/2022 | 16 | HEARING EXHIBITS Composite Exhibit A by Andrew Alturo Fahie (Attachments: # 1 Exhibit Andrew A. Fahie's Notice of Filing Exhibits)(Van Vliet, Theresa) [1:22-mj-02719-JG] (Entered: 05/05/2022) |
| 05/05/2022 | 17 | CERTIFICATE of Compliance Re Admitted Evidence for exhibit(s): Composite Exhibit "A" as to Andrew Alturo Fahie by Theresa Mary Bailey Van Vliet (Van Vliet, Theresa) [1:22-mj-02719-JG] (Entered: 05/05/2022) |
| 05/05/2022 | 14 | Rule 5(c)(3)/ Rule 40 Documents received from District of the Virgin Islands as to Kadeem Stephan Maynard (jbs) [1:22-mj-02719-JG] (Entered: 05/05/2022) |
| 05/05/2022 | 13 | Invocation of Right to Silence and Counsel by Oleanvine Pickering Maynard (Houlihan, Raymond) [1:22-mj-02719-JG] (Entered: 05/05/2022) |

USCA11 Case: 24-13063     Document: 43     Date Filed: 02/10/2026     Page: 13 of 116

| 05/06/2022 | 18 | Minute Entry for proceedings held before Magistrate Judge Alicia M. Otazo-Reyes: Status Report RE Counsel/Detention as to Oleanvine Pickering Maynard held on 5/6/2022, Matter reset. (Detention Hearing RESET for 5/11/2022 10:00 AM in Miami Division before MIA Duty Magistrate., Report Re: Counsel Hearing RESET for 5/11/2022 10:00 AM in Miami Division before MIA Duty Magistrate.). (Digital 10:23:53) (at) [1:22-mj-02719-JG] (Entered: 05/09/2022) |
|---|---|---|
| 05/10/2022 | 19 | MOTION to Dismiss 15 Notice (Other) *Government Appeal in the District Court of Bond Order* by Andrew Alturo Fahie. Responses due by 5/24/2022 (Van Vliet, Theresa) [1:22-mj-02719-JG] (Entered: 05/10/2022) |
| 05/10/2022 | 20 | RESPONSE in Opposition by USA as to Andrew Alturo Fahie re 19 MOTION to Dismiss 15 Notice (Other) *Government Appeal in the District Court of Bond Order* Replies due by 5/17/2022. (Shadley, Frederic) [1:22-mj-02719-JG] (Entered: 05/10/2022) |
| 05/10/2022 | 21 | INDICTMENT and FORFEITURE as to Andrew Alturo Fahie (1) count(s) 1, 2, 3, Oleanvine Pickering Maynard (2) count(s) 1, 2, 3, Kadeem Stephan Maynard (3) count(s) 1, 2, 3. (mdc) (Additional attachment(s) added on 5/11/2022: # 1 Restricted Unredacted Indictment) (mdc). (Entered: 05/11/2022) |
| 05/11/2022 | 22 | Minute Order for proceedings held before Magistrate Judge Lauren Fleischer Louis: **ARRAIGNMENT** as to Oleanvine Pickering Maynard (2) Count 1,2,3 held on 5/11/2022. STIP PTD w/right to revisit. (Digital 10:27:41/11:05:30)<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Lauren Fleischer Louis on 5/11/2022. (dgj) (Entered: 05/11/2022) |
| 05/11/2022 | 23 | MOTION to Revoke *Bond* by USA as to Andrew Alturo Fahie. Responses due by 5/25/2022 (Shadley, Frederic) (Entered: 05/11/2022) |
| 05/11/2022 | 26 | STIPULATED ORDER OF DETENTION as to Oleanvine Pickering Maynard. Signed by Magistrate Judge Lauren Fleischer Louis on 5/11/2022. *See attached document for full details.* (kan) (Entered: 05/13/2022) |
| 05/12/2022 | 24 | NOTICE OF HEARING ON MOTION in case as to Andrew Alturo Fahie 23 MOTION to Revoke *Bond*, 19 MOTION to Dismiss 15 Notice (Other) *Government Appeal in the District Court of Bond Order* : Motion Hearing set for 5/19/2022 09:00 AM in Miami Division before Judge Kathleen M. Williams. (mso) (Entered: 05/12/2022) |
| 05/13/2022 | 25 | Notice of Assignment of Assistant Federal Public Defender as to Oleanvine Pickering Maynard. Attorney Raymond D'Arsey Houlihan, III added. Attorney Noticing FPD-MIA terminated.. Attorney Raymond D'Arsey Houlihan, III added to party Oleanvine Pickering Maynard(pty:dft). (Houlihan, Raymond) (Entered: 05/13/2022) |
| 05/13/2022 | 27 | NOTICE OF WITHDRAWAL OF MOTION by Andrew Alturo Fahie re 19 MOTION to Dismiss 15 Notice (Other) *Government Appeal in the District Court of Bond Order* filed by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 05/13/2022) |

USCA11 Case: 24-13063      Document: 43      Date Filed: 02/10/2026      Page: 14 of 116

| | | |
|---|---|---|
| 05/16/2022 | 28 | RESPONSE in Opposition by Andrew Alturo Fahie re 23 MOTION to Revoke *Bond* Replies due by 5/23/2022. (Van Vliet, Theresa) (Entered: 05/16/2022) |
| 05/17/2022 | 29 | NOTICE OF ATTORNEY APPEARANCE Gabrielle Raemy Charest-Turken appearing for USA. *Re: Forfeiture.* Attorney Gabrielle Raemy Charest-Turken added to party USA(pty:pla). (Charest-Turken, Gabrielle) (Entered: 05/17/2022) |
| 05/18/2022 | 30 | RE-NOTICE OF HEARING ON MOTION in case as to Andrew Alturo Fahie DE # 23 MOTION to Revoke Bond: Motion Hearing reset for 5/23/2022 at 10:00 AM in Miami Division before Judge Kathleen M. Williams. (mso) (Entered: 05/18/2022) |
| 05/20/2022 | 31 | RE-NOTICE OF HEARING ON MOTION **TIME CHANGE ONLY** in case as to Andrew Alturo Fahie DE # 23 MOTION to Revoke Bond: Motion Hearing reset for 5/23/2022 at 4:30 PM in Miami Division before Judge Kathleen M. Williams. (mso) (Entered: 05/20/2022) |
| 05/23/2022 | 33 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: Motion Hearing as to Andrew Alturo Fahie held on 5/23/2022 re: DE # 23 MOTION to Revoke Bond filed by USA. The Court heard oral argument. The Court modified the bond conditions and Ordered a $500,000.00 PSB co-signed by defendant, daughter and friend; the Court also Ordered a $500,000.00 CSB with a NEBBIA; 24 hours 7 days a week GPS monitoring and Defendant cannot leave for attorney visits (Attorney Van Vliet must visit the Defendant at his residence for attorney visits.); Defendant must sign a waiver of extradition - world wide. Once the parties have completed the bond papers and have the Nebbia completed, they should reach out to Michael Santorufo the Courtroom Deputy at 305-523-5541 to set this matter down for a Nebbia hearing. **Reminder - each bond amount needs to have its own separate bond papers. They cannot both be put on the same bond papers.** Attorney Appearance(s): Frederic Shadley, Theresa Mary Bailey Van Vliet. USPO Lucrecia Peralta. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 05/24/2022) |
| 05/24/2022 | 32 | NOTICE OF ATTORNEY APPEARANCE: Theresa Mary Bailey Van Vliet appearing for Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 05/24/2022) |
| 05/25/2022 | 34 | Minute Order for proceedings held before Magistrate Judge Jacqueline Becerra: Report Re: Counsel Hearing as to Andrew Alturo Fahie held on 5/25/2022. Ms. Vilet filed a permanent appearance on 5/24/2022 32 . **ARRAIGNMENT** as to Andrew Alturo Fahie (1) Count 1,2,3 held on 5/25/2022. All further matters to be held before Judge Williams. (Digital 10:18:06)<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Jacqueline Becerra on 5/25/2022. (kan) (Entered: 05/25/2022) |
| 05/26/2022 | 35 | ORDER SETTING PRE-TRIAL SCHEDULE AND PROCEDURES as to Andrew Alturo Fahie, Oleanvine Pickering Maynard. Video Zoom Calendar Call set for 7/12/2022 11:00 AM in Miami Division before Judge Kathleen M. Williams. Jury Trial set for 7/18/2022 before Judge Kathleen M. Williams. Signed by Judge Kathleen M. Williams on |

| | | 5/26/2022. See attached document for full details. (cl2) |
|---|---|---|
| | | **Pattern Jury Instruction Builder** - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 05/26/2022) |
| 06/07/2022 | 36 | NOTICE OF HEARING as to Andrew Alturo Fahie. Nebbia Hearing set for 6/13/2022 at 10:00 AM in Miami Division before Judge Kathleen M. Williams. **The Court will be emailing the government a zoom meeting participant invite in order to appear by video.** (mso) (Entered: 06/07/2022) |
| 06/09/2022 | 37 | NEBBIA PROFFER by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 06/09/2022) |
| 06/13/2022 | 38 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: Nebbia Hearing as to Andrew Alturo Fahie held on 6/13/2022. Nebbia satisfied. $500,000 PSB and $500,000 CSB to entered and taken to the magistrate section to be filed. Total time in court: 15 minutes. Attorney Appearance(s): Frederic Shadley, Theresa Mary Bailey Van Vliet, Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov. (ch1). (Entered: 06/13/2022) |
| 06/14/2022 | 39 | WAIVER of Extradition and other Processes by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 06/14/2022) |
| 06/20/2022 | 40 | MOTION for Extension of Time to Extend Deadlines by Andrew Alturo Fahie. Responses due by 7/5/2022 (Van Vliet, Theresa) (Entered: 06/20/2022) |
| 06/21/2022 | 41 | Amended MOTION for Extension of Time to Extend Deadlines by Andrew Alturo Fahie. Responses due by 7/5/2022 (Van Vliet, Theresa) (Entered: 06/21/2022) |
| 06/22/2022 | 42 | $500,000 CSB Bond Entered as to Andrew Alturo Fahie Approved by Judge Kathleen M. Williams. *Please see bond image for conditions of release.* (mdc) (Additional attachment(s) added on 10/13/2022: # 1 Restricted Bond with 7th Page) (mdc). (Entered: 06/22/2022) |
| 06/22/2022 | 43 | $500,000 PSB Bond Entered as to Andrew Alturo Fahie Approved by Judge Kathleen M. Williams. *Please see bond image for conditions of release.* (mdc) (Additional attachment(s) added on 10/13/2022: # 1 Restricted Bond with 7th Page) (mdc). (Entered: 06/22/2022) |
| 06/22/2022 | 44 | NOTICE *of Filing Proposed Order* by Andrew Alturo Fahie as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard re 41 Amended MOTION for Extension of Time to Extend Deadlines (Attachments: # 1 Text of Proposed Order) (Van Vliet, Theresa) (Entered: 06/22/2022) |
| 06/24/2022 | 45 | PAPERLESS ORDER granting 41 Motion for Extension of Time as to Andrew Alturo Fahie (1). Signed by Judge Kathleen M. Williams on 6/24/2022. (mso) (Entered: 06/24/2022) |
| 06/30/2022 | 46 | Minute Order for proceedings held before Magistrate Judge Alicia M. Otazo-Reyes: Initial Appearance as to Kadeem Stephan Maynard held on 6/30/2022. Bond recommendation/set: Kadeem Stephan Maynard (3) TEMPORARY Pretrial Detention. Date of Location Custody (Arrest or Surrender): 4/28/2022. 30 Day Financial Report Report due from CJA Counsel, Jose Rafael Rodrigue. Arraignment set for 7/6/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Detention Hearing set for 7/6/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Attorney added: Jose Rafael Rodriguez for Kadeem Stephan Maynard for Criminal CJA representation. Date attorney was appointed CJA: 6/30/2022. (Digital Zoom _6/30/2022 (2:10pm)) |

| | | |
|---|---|---|
| | | it is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Alicia M. Otazo-Reyes on 6/30/2022. (fbn) (Entered: 07/01/2022) |
| 07/01/2022 | | Set/Reset Hearings as to Kadeem Stephan Maynard: Arraignment set for 7/6/2022 10:00 AM in Miami Division before MIA Duty Magistrate. Detention Hearing set for 7/6/2022 10:00 AM in Miami Division before MIA Duty Magistrate. (sl) (Entered: 07/01/2022) |
| 07/05/2022 | 47 | Unopposed MOTION to Continue Trial *Date* by Andrew Alturo Fahie. Responses due by 7/19/2022 (Van Vliet, Theresa) (Entered: 07/05/2022) |
| 07/06/2022 | 48 | Unopposed MOTION to Adopt/Join 35 Scheduling Order,, *CO-DEFENDANT FAHIES MOTION TO CONTINUE TRIAL* by Oleanvine Pickering Maynard. Responses due by 7/20/2022 (Houlihan, Raymond) (Entered: 07/06/2022) |
| 07/06/2022 | 49 | Unopposed MOTION to Adopt/Join 47 Unopposed MOTION to Continue Trial *Date* by Kadeem Stephan Maynard as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard. Responses due by 7/20/2022 (Rodriguez, Jose) (Entered: 07/06/2022) |
| 07/06/2022 | 50 | Minute Order for proceedings held before Magistrate Judge Chris M. McAliley: Detention Hearing as to Kadeem Stephan Maynard held on 7/6/2022. Witness sworn. Witness, Bryan Witek-S/A DEA sworn and testified. Bond recommendation/set: Kadeem Stephan Maynard (3) Pretrial Detention based on risk of flight., **ARRAIGNMENT** as to Kadeem Stephan Maynard (3) Count 1,2,3 held on 7/6/2022. (Digital 10:14:29)

PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Chris M. McAliley on 7/6/2022. (fbn) (Entered: 07/06/2022) |
| 07/07/2022 | 51 | PAPERLESS ORDER granting DE # 47 48 and 49 Motions to Join and Continue Trial. Jury Trial reset for 1/17/2023 in Miami Division before Judge Kathleen M. Williams. Calendar Call reset for 1/10/2023 at 11:00 AM in Miami Division before Judge Kathleen M. Williams. For the reasons stated on the record, the time from today up through the rescheduled trial date is excluded from the deadline for trial as computed under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the interests of the defendant and the public in a speedy trial. |

| | | Time excluded from 7/7/2022 until 7/7/2023. Signed by Judge Kathleen M. Williams on 7/7/2022. (mso) (Entered: 07/07/2022) |
|---|---|---|
| 07/07/2022 | 52 | ORDER OF DETENTION PENDING TRIAL as to Kadeem Stephan Maynard. Signed by Magistrate Judge Chris M. McAliley on 7/7/2022. *See attached document for full details.* (drz) (Entered: 07/08/2022) |
| 08/03/2022 | | SYSTEM ENTRY - Docket Entry 53 restricted/sealed until further notice. (amb) (Entered: 08/03/2022) |
| 08/03/2022 | | SYSTEM ENTRY - Docket Entry 54 restricted/sealed until further notice. (amb) (Entered: 08/03/2022) |
| 08/05/2022 | | SYSTEM ENTRY - Docket Entry 55 restricted/sealed until further notice. (kpe) (Entered: 08/05/2022) |
| 08/10/2022 | | SYSTEM ENTRY - Docket Entry 56 restricted/sealed until further notice. (kpe) (Entered: 08/10/2022) |
| 08/11/2022 | | SYSTEM ENTRY - Docket Entry 57 restricted/sealed until further notice. (kpe) (Entered: 08/11/2022) |
| 08/16/2022 | 58 | Response to DE 54 Filed Under Seal by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 08/16/2022) |
| 08/16/2022 | | Hearing scheduled for 8/22/2022 as to Andrew Alturo Fahie is CANCELED. (mso) (Entered: 08/16/2022) |
| 08/19/2022 | | **HEARING CANCELLED** as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard. The Hearing scheduled in this matter for 8/22/2022 at 11:00 AM in Miami Division before Judge Kathleen M. Williams is hereby cancelled. (mso) (Entered: 08/19/2022) |
| 09/12/2022 | 59 | First RESPONSE to Standing Discovery Order by USA as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard (Butland, Shane) (Entered: 09/12/2022) |
| 10/24/2022 | 60 | TRANSCRIPT of ARRAIGNMENT/DETENTION HEARING as to Kadeem Stephan Maynard held on 07/06/2022 before Magistrate Judge Chris M. McAliley, 1-36 pages, Court Reporter: Joanne Mancari, jemancari@gmail.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/14/2022. Redacted Transcript Deadline set for 11/28/2022. Release of Transcript Restriction set for 1/23/2023. (jes) (Entered: 10/24/2022) |
| 11/08/2022 | 61 | SUPERSEDING INDICTMENT as to Andrew Alturo Fahie (1) count(s) 1s, 2s, 3s, 4s, Oleanvine Pickering Maynard (2) count(s) 1s, 2s, 3s, 5s, Kadeem Stephan Maynard (3) count(s) 1s, 2s, 3s. FORFEITURE ALLEGATIONS. (at) (Additional attachment(s) added on 11/9/2022: # 1 Restricted Unredacted Indictment) (at). (Entered: 11/09/2022) |
| 11/10/2022 | 62 | NOTICE OF ATTORNEY APPEARANCE Shane Butland appearing for USA. . Attorney Shane Butland added to party USA(pty:pla). (Butland, Shane) (Entered: 11/10/2022) |
| 11/10/2022 | | Set/Reset Hearings as to Andrew Alturo Fahie, Kadeem Stephan Maynard: Arraignment on superseding indictment set for 11/16/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. (mml) (Entered: 11/10/2022) |
| 11/10/2022 | | Set/Reset Hearings as to Oleanvine Pickering Maynard: Arraignment superseding indictment set for 11/17/2022 10:00 AM in Miami Division before MIA Duty Magistrate |

| 11/10/2022 | 63 | Second RESPONSE to Standing Discovery Order by USA as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard (Butland, Shane) (Entered: 11/10/2022) |
|---|---|---|
| 11/16/2022 | 64 | Minute Order for proceedings held before Magistrate Judge Melissa Damian: **ARRAIGNMENT** on Superseding Indictment as to Andrew Alturo Fahie (1) Count 1s,2s,3s,4s held on 11/16/2022. Brady Order previously given. Bond conditions set by Judge Williams remain the same. (Digital 10:12:50)<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Melissa Damian on 11/16/2022. (sl) (Entered: 11/16/2022) |
| 11/16/2022 | 65 | Minute Order for proceedings held before Magistrate Judge Melissa Damian: **ARRAIGNMENT** on Superseding Indictment as to Kadeem Stephan Maynard (3) Count 1s,2s,3s held on 11/16/2022. Brady Order previously given. (Digital 10:20:08)<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Melissa Damian on 11/16/2022. (sl) (Entered: 11/16/2022) |
| 11/17/2022 | 66 | ORDER SETTING PRE-TRIAL SCHEDULE AND PROCEDURES as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard. Calendar Call set for 1/3/2023 11:00 AM in Miami Division before Judge Kathleen M. Williams. Jury Trial set for 1/9/2023 before Judge Kathleen M. Williams. Signed by Judge Kathleen M. Williams on 11/17/2022. *See attached document for full details.* (drz)<br><br>**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 11/17/2022) |
| 11/17/2022 | 67 | Minute Order for proceedings held before Magistrate Judge Melissa Damian: **ARRAIGNMENT** as to Oleanvine Pickering Maynard (2) Count 1s,2s,3s,5s held on 11/17/2022. (Digital 10:22:26) |

| | | |
|---|---|---|
| | | PAPERLESS STANDING DISCOVERY ORDER. The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Melissa Damian on 11/17/2022. (br) (Entered: 11/18/2022) |
| 11/28/2022 | 68 | Unopposed MOTION to Continue Trial *Date* by Andrew Alturo Fahie. Responses due by 12/12/2022 (Van Vliet, Theresa) (Entered: 11/28/2022) |
| 12/06/2022 | 69 | PAPERLESS ORDER granting DE # 68 Motion to Continue Trial as to Defendants Andrew Alturo Fahie; Oleanvine Pickering Maynard; Kadeem Stephan Maynard. **Calendar Call reset for 7/11/2023 at 11:00 AM in Miami Division before Judge Kathleen M. Williams. Jury Trial set for 7/17/2023 in Miami Division before Judge Kathleen M. Williams. For the reasons stated on the record, the time from today up through the rescheduled trial date is excluded from the deadline for trial as computed under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the interests of the defendant and the public in a speedy trial. \*\*Time excluded from 12/6/2022 until 7/17/2023.\*\*** Signed by Judge Kathleen M. Williams on 12/6/2022. (mso) (Entered: 12/06/2022) |
| 12/14/2022 | | SYSTEM ENTRY - Docket Entry 70 restricted/sealed until further notice. (kpe) (Entered: 12/14/2022) |
| 12/16/2022 | | SYSTEM ENTRY - Docket Entry 71 restricted/sealed until further notice. (kpe) (Entered: 12/16/2022) |
| 12/16/2022 | | SYSTEM ENTRY - Docket Entry 72 restricted/sealed until further notice. (pes) (Entered: 12/16/2022) |
| 12/28/2022 | 73 | Third RESPONSE to Standing Discovery Order by USA as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard (Butland, Shane) (Entered: 12/28/2022) |
| 01/10/2023 | 74 | NOTICE of Change of Address, Email or Law Firm Name by Theresa Mary Bailey Van Vliet (Van Vliet, Theresa) (Entered: 01/10/2023) |
| 01/11/2023 | 75 | CLERK'S NOTICE - Attorney Admissions has not updated address and/or email information for attorney Theresa Mary Bailey Van Vliet as to Andrew Alturo Fahie re 74 Notice of Change of Address, Email or Law Firm Name. Attorney Theresa Mary Bailey Van Vliet has not completed the required procedures for updating their information with the Court. Attorney is instructed to go to their PACER account, Manage My Account, to complete the process of updating their information. The Court is NOT responsible for updating secondary email addresses. See the Courts website for detailed instructions. www.flsd.uscourts.gov/updating-your-information (pt) (Entered: 01/11/2023) |
| 01/11/2023 | 76 | NOTICE of Change of Address, Email or Law Firm Name by Theresa Mary Bailey Van Vliet (Van Vliet, Theresa) (Entered: 01/11/2023) |

| | | |
|---|---|---|
| 01/12/2023 | 77 | CLERK'S NOTICE - Attorney Admissions has not updated address and/or email information for attorney Theresa Mary Bailey Van Vliet as to Andrew Alturo Fahie re 76 Notice of Change of Address, Email or Law Firm Name. Attorney Theresa Mary Bailey Van Vliet has not completed the required procedures for updating their information with the Court. Attorney is instructed to go to their PACER account, Manage My Account, to complete the process of updating their information. The Court is NOT responsible for updating secondary email addresses. See the Courts website for detailed instructions. www.flsd.uscourts.gov/updating-your-information (pt) (Entered: 01/12/2023) |
| 02/02/2023 | | SYSTEM ENTRY - Docket Entry 78 restricted/sealed until further notice. (amb) (Entered: 02/02/2023) |
| 02/02/2023 | | SYSTEM ENTRY - Docket Entry 79 restricted/sealed until further notice. (amb) (Entered: 02/02/2023) |
| 02/06/2023 | | SYSTEM ENTRY - Docket Entry 80 restricted/sealed until further notice. (pcs) (Entered: 02/06/2023) |
| 02/13/2023 | | SYSTEM ENTRY - Docket Entry 81 restricted/sealed until further notice. (kpe) (Entered: 02/13/2023) |
| 02/13/2023 | | SYSTEM ENTRY - Docket Entry 82 restricted/sealed until further notice. (kpe) (Entered: 02/13/2023) |
| 02/16/2023 | | SYSTEM ENTRY - Docket Entry 83 restricted/sealed until further notice. (amb) (Entered: 02/16/2023) |
| 03/07/2023 | | SYSTEM ENTRY - Docket Entry 84 restricted/sealed until further notice. (kpe) (Entered: 03/07/2023) |
| 03/07/2023 | | SYSTEM ENTRY - Docket Entry 85 restricted/sealed until further notice. (kpe) (Entered: 03/07/2023) |
| 03/17/2023 | | SYSTEM ENTRY - Docket Entry 86 restricted/sealed until further notice. (mso) (Entered: 03/17/2023) |
| 03/28/2023 | | SYSTEM ENTRY - Docket Entry 87 restricted/sealed until further notice. (kpe) (Entered: 03/28/2023) |
| 03/28/2023 | | SYSTEM ENTRY - Docket Entry 88 restricted/sealed until further notice. (kpe) (Entered: 03/28/2023) |
| 04/04/2023 | | SYSTEM ENTRY - Docket Entry 89 restricted/sealed until further notice. (kpe) (Entered: 04/04/2023) |
| 04/07/2023 | 90 | MOTION to Modify Conditions of Bond and Permit Travel *(Unopposed)* by Andrew Alturo Fahie. Responses due by 4/21/2023 (Van Vliet, Theresa) (Entered: 04/07/2023) |
| 04/07/2023 | 91 | PAPERLESS ORDER granting DE # 90 Unopposed Motion to Modify Conditions of Bond and Permit Travel as to Andrew Alturo Fahie (1). Signed by Judge Kathleen M. Williams on 4/7/2023. (mso) (Entered: 04/07/2023) |
| 04/28/2023 | | SYSTEM ENTRY - Docket Entry 92 restricted/sealed until further notice. (mso) (Entered: 04/28/2023) |
| 05/03/2023 | 93 | NOTICE of Reassignment of Assistant US Attorney. Kevin Gerarde appearing for USA. Shane Butland and Frederic Shadley terminated. Attorney Kevin Gerarde added to party USA(pty:pla). (Gerarde, Kevin) (Entered: 05/03/2023) |

| 05/04/2023 | 94 | MOTION to Modify Conditions of Bond and Permit Travel by Andrew Alturo Fahie. Responses due by 5/18/2023 (Van Vliet, Theresa) (Entered: 05/04/2023) |
| --- | --- | --- |
| 05/05/2023 | 95 | **PAPERLESS ORDER DENYING DE # 94 Motion to Modify Conditions of Bond and Permit to Travel as to Andrew Alturo Fahie.**<br><br>Signed by Judge Kathleen M. Williams on 5/5/2023.<br><br>(mso) (Entered: 05/05/2023) |
| 05/10/2023 | | SYSTEM ENTRY - Docket Entry 96 restricted/sealed until further notice. (amb) (Entered: 05/10/2023) |
| 05/22/2023 | 97 | NOTICE OF CHANGE OF PLEA HEARING as to Kadeem Stephan Maynard.<br><br>**Change of Plea Hearing set for 6/12/2023 at 2:00 PM in Miami Division before Judge Kathleen M. Williams. Counsel - please email chambers courtesy copies of any plea documents and an elements and penalties sheet (to be completed by the government) no later than 2 days prior to the hearing. The previously scheduled Calendar Call and Jury Trial for this Defendant have been canceled and removed from the Court's calendar.**<br><br>(mso) (Entered: 05/22/2023) |
| 05/30/2023 | 98 | NOTICE OF CHANGE OF PLEA HEARING as to Oleanvine Pickering Maynard.<br><br>**Change of Plea Hearing set for 6/12/2023 at 11:00 AM in Miami Division before Judge Kathleen M. Williams. \*\*Counsel - please email chambers courtesy copies of any plea documents and an elements and penalties sheet (to be completed by the government) no later than 2 days prior to the hearing.\*\* The previously scheduled Calendar Call and Jury Trial for this Defendant have been canceled and removed from the Court's calendar.**<br><br>(mso) (Entered: 05/30/2023) |
| 06/12/2023 | 99 | FACTUAL PROFFER STATEMENT as to Oleanvine Pickering Maynard. (drz) (Entered: 06/12/2023) |
| 06/12/2023 | 100 | PLEA AGREEMENT as to Oleanvine Pickering Maynard. (drz) (Entered: 06/12/2023) |
| 06/12/2023 | 101 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams:<br><br>**Change of Plea Hearing as to Oleanvine Pickering Maynard held on 6/12/2023. Oleanvine Pickering Maynard Plead Guilty to Count 1 of the Superseding Indictment.**<br><br>**\*\*Sentencing Hearing set for 8/21/2023 at 2:00 PM in Miami Division before Judge Kathleen M. Williams.**<br><br>Attorney Appearance(s): Kevin Gerarde, Raymond D'Arsey Houlihan, III.<br><br>Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov.<br><br>(mso) (Entered: 06/12/2023) |
| 06/12/2023 | 102 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: |

| | | |
|---|---|---|
| | | **Change of Plea Hearing as to Kadeem Stephan Maynard held on 6/12/2023. Kadeem Stephan Maynard plead Guilty to Count 1 of the superseding indictment.** |
| | | **Sentencing hearing set for 8/21/2023 at 3:00 PM in Miami Division before Judge Kathleen M. Williams.** |
| | | Attorney Appearance(s): Kevin Gerarde, Jose Rafael Rodriguez. |
| | | Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. |
| | | (mso) (Entered: 06/12/2023) |
| 06/12/2023 | [103](#) | PLEA AGREEMENT as to Kadeem Stephan Maynard (mso) (Entered: 06/12/2023) |
| 06/12/2023 | [104](#) | FACTUAL PROFFER STATEMENT as to Kadeem Stephan Maynard (mso) (Entered: 06/12/2023) |
| 06/14/2023 | 105 | Notice of Presentence Investigation Assignment of Oleanvine Pickering Maynard and Kadeem Stephan Maynard to US Probation Officer Stephanie Galvez in the Miami Wilkie D. Ferguson, Jr. U.S. Courthouse. She can be contacted at (305)523-5383 or Stephanie_Galvez@flsp.uscourts.gov. (lrn) (Entered: 06/14/2023) |
| 06/20/2023 | [106](#) | Unopposed MOTION to Continue Trial *Date (Unopposed)* by Andrew Alturo Fahie. Responses due by 7/5/2023 (Van Vliet, Theresa) (Entered: 06/20/2023) |
| 06/20/2023 | 107 | NOTICE OF ZOOM STATUS CONFERENCE HEARING as to Andrew Alturo Fahie. |
| | | **Zoom Status Conference set for 6/23/2023 at 11:00 AM in Miami Division before Judge Kathleen M. Williams. The Court will email the parties a zoom meeting participant link.** |
| | | (mso) (Entered: 06/20/2023) |
| 06/21/2023 | 108 | RE-NOTICE OF SEALED HEARING as to Andrew Alturo Fahie. |
| | | **\*\*\*SEALED\*\*\* Zoom Status Conference set for 6/23/2023 at 11:00 AM in Miami Division before Judge Kathleen M. Williams.** |
| | | (mso) (Entered: 06/21/2023) |
| 06/23/2023 | 110 | PAPERLESS ORDER granting DE # [106](#) Motion to Continue Trial as to Andrew Alturo Fahie. |
| | | **Calendar Call RESET for 1/2/2024 at 11:00 AM in Miami Division before Judge Kathleen M. Williams. Jury Trial RESET for 1/8/2024 at 9:00 AM in Miami Division before Judge Kathleen M. Williams. For the reasons stated on the record, the time from 6/23/2023 up through the rescheduled trial date is excluded from the deadline for trial as computed under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the interests of the defendant and the public in a speedy trial. \*\*Time excluded from 6/23/2023 until 1/8/2024.\*\*** |
| | | Signed by Judge Kathleen M. Williams on 6/23/2023. |
| | | (mso) (Entered: 06/26/2023) |
| 06/26/2023 | | SYSTEM ENTRY - Docket Entry 109 restricted/sealed until further notice. (amb) (Entered: 06/26/2023) |

| 06/26/2023 | | SYSTEM ENTRY - Docket Entry 111 restricted/sealed until further notice. (mso) (Entered: 06/26/2023) |
|---|---|---|
| 07/25/2023 | 112 | DRAFT Disclosure of Presentence Investigation Report of Oleanvine Pickering Maynard. This is a limited access document. Report access provided to attorneys Kevin Gerarde, Raymond D'Arsey Houlihan, III by USPO (Attachments: # 1 Position of Parties)(acn1) (Entered: 07/25/2023) |
| 07/27/2023 | 113 | DRAFT Disclosure of Presentence Investigation Report of Kadeem Stephan Maynard. This is a limited access document. Report access provided to attorneys Kevin Gerarde, Jose Rafael Rodriguez by USPO (Attachments: # 1 Position of Parties)(acn1) (Entered: 07/27/2023) |
| 08/04/2023 | 114 | FINAL Addendum 1 Disclosure of Presentence Investigation Report of Oleanvine Pickering Maynard. This is a limited access document. Report access provided to attorneys Kevin Gerarde, Raymond D'Arsey Houlihan, III by USPO (Attachments: # 1 Addendum, # 2 Rec Page JUDGE ONLY, # 3 Rec Page Attorney)(dtn1) (Entered: 08/04/2023) |
| 08/04/2023 | 115 | FINAL Addendum 1 Disclosure of Presentence Investigation Report of Kadeem Stephan Maynard. This is a limited access document. Report access provided to attorneys Kevin Gerarde, Jose Rafael Rodriguez by USPO (Attachments: # 1 Addendum, # 2 Rec Page JUDGE ONLY, # 3 Rec Page Attorney)(dtn1) (Entered: 08/04/2023) |
| 08/07/2023 | 116 | Defendant's MOTION Motion for Variance re 115 - - AUTHORIZED USERS: See the Court's website for instructions on viewing the PSI report - - Disclosure of Presentence Investigation/Plea and Sentencing Report, by Kadeem Stephan Maynard. Responses due by 8/21/2023 (Rodriguez, Jose) (Entered: 08/07/2023) |
| 08/10/2023 | 117 | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by Kadeem Stephan Maynard (Rodriguez, Jose) (Entered: 08/10/2023) |
| 08/14/2023 | 118 | NOTICE *of Filing Letters in Support of Sentencing* by Oleanvine Pickering Maynard (Attachments: # 1 Exhibit Letters for Sentencing) (Houlihan, Raymond) (Entered: 08/14/2023) |
| 08/14/2023 | 119 | FINAL Addendum 2 Disclosure of Presentence Investigation Report of Kadeem Stephan Maynard. This is a limited access document. Report access provided to attorneys Gabrielle Raemy Charest-Turken, Kevin Gerarde, Jose Rafael Rodriguez by USPO (Attachments: # 1 Addendum, # 2 Addendum - Second, # 3 Recommendation Page Judge Only)(csi) (Entered: 08/14/2023) |
| 08/16/2023 | | SYSTEM ENTRY - Docket Entry 120 restricted/sealed until further notice. (amb) (Entered: 08/16/2023) |
| 08/16/2023 | | SYSTEM ENTRY - Docket Entry 121 restricted/sealed until further notice. (amb) (Entered: 08/16/2023) |
| 08/17/2023 | | SYSTEM ENTRY - Docket Entry 122 restricted/sealed until further notice. (mso) (Entered: 08/17/2023) |
| 08/17/2023 | 123 | RE-NOTICE OF SENTENCING HEARING as to Oleanvine Pickering Maynard. **Sentencing hearing RESET for 1/18/2024 at 2:00 PM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 08/17/2023) |

| | | |
|---|---|---|
| 08/17/2023 | 124 | FINAL Addendum 2 Disclosure of Presentence Investigation Report of Oleanvine Pickering Maynard. This is a limited access document and report access has been removed by USPO due to an error. See DE 125 for corrected PSI. (Attachments: # 1 Addendum First, # 2 Addendum Second)(acn1) Modified on 8/17/2023 (mf). (Entered: 08/17/2023) |
| 08/17/2023 | 125 | FINAL Addendum 2 Disclosure of Presentence Investigation Report of Oleanvine Pickering Maynard. This is a limited access document. Report access provided to attorneys Kevin Gerarde, Raymond D'Arsey Houlihan, III by USPO (Attachments: # 1 Addendum First, # 2 Addendum Second, # 3 Rec Page Judge, # 4 Rec Page Attorney) (acn1) (Entered: 08/17/2023) |
| 08/18/2023 | | SYSTEM ENTRY - Docket Entry 126 restricted/sealed until further notice. (mso) (Entered: 08/18/2023) |
| 08/18/2023 | 127 | PAPERLESS ORDER CANCELLING SENTENCING HEARING as to Kadeem Stephan Maynard.<br><br>**Due to a Court calendar conflict, the sentencing hearing for Defendant Kadeem Stephan Maynard scheduled for Monday, August 21, 2023 at 3:00 pm is hereby CANCELLED. The sentencing hearing will be rescheduled for a later date and time.**<br><br>Signed by Judge Kathleen M. Williams on 8/18/2023.<br><br>(mso) (Entered: 08/18/2023) |
| 08/28/2023 | 128 | RE-NOTICE OF SENTENCING HEARING as to Kadeem Stephan Maynard.<br><br>**Sentencing hearing reset for 9/8/2023 at 11:00 AM in Miami Division before Judge Kathleen M. Williams.**<br><br>(mso) (Entered: 08/28/2023) |
| 08/28/2023 | 129 | RE-NOTICE OF SENTENCING HEARING as to Kadeem Stephan Maynard.<br><br>**SENTENCING HEARING RESET for 11/20/2023 at 2:00 PM in Miami Division before Judge Kathleen M. Williams.**<br><br>(mso) (Entered: 08/28/2023) |
| 09/11/2023 | 130 | NOTICE OF ZOOM STATUS CONFERENCE HEARING as to Andrew Alturo Fahie.<br><br>**Zoom Status Conference hearing to discuss trial matters set for 11/29/2023 at 2:00 PM in Miami Division before Judge Kathleen M. Williams. (The Court will email the parties a zoom meeting participant link for the hearing.)**<br><br>(mso) (Entered: 09/11/2023) |
| 11/02/2023 | | SYSTEM ENTRY - Docket Entry 131 restricted/sealed until further notice. (amb) (Entered: 11/02/2023) |
| 11/16/2023 | 132 | FINAL Addendum 3 Disclosure of Presentence Investigation 3 Report of Kadeem Stephan Maynard. This is a limited access document. Report access provided to attorneys Kevin Gerarde, Jose Rafael Rodriguez by USPO (Attachments: # 1 Addendum - First, # 2 Addendum - Second, # 3 Addendum - Third, # 4 Rev Rec Page - Judge, # 5 Rev Rec Page Attorney)(dtn1) (Entered: 11/16/2023) |

USCA11 Case: 24-13063     Document: 43     Date Filed: 02/10/2026     Page: 25 of 116

| | | |
|---|---|---|
| 11/16/2023 | | SYSTEM ENTRY - Docket Entry 133 restricted/sealed until further notice. (kpe) (Entered: 11/16/2023) |
| 11/16/2023 | | SYSTEM ENTRY - Docket Entry 134 restricted/sealed until further notice. (kpe) (Entered: 11/16/2023) |
| 11/17/2023 | | SYSTEM ENTRY - Docket Entry 135 restricted/sealed until further notice. (mso) (Entered: 11/17/2023) |
| 11/17/2023 | 136 | MOTION Motion to Seal Proceedings by Kadeem Stephan Maynard. Responses due by 12/1/2023 (Rodriguez, Jose) (Entered: 11/17/2023) |
| 11/20/2023 | | SYSTEM ENTRY - Docket Entry 137 restricted/sealed until further notice. (amb) (Entered: 11/20/2023) |
| 11/20/2023 | 138 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: **Sentencing hearing held on 11/20/2023 as to Kadeem Stephan Maynard. The Court imposed the following sentence: Imprisonment for a term of 57 months as to Count 1 of the Superseding Indictment; followed by 5 years supervised release; special assessment of $100.00; defendant shall comply with all special conditions as noted in part F of the PSI. Defendant was advised of his right to appeal within 14 days from entry of the Judgment on the docket. A Judgment in a Criminal Case will be issued separately from this minute entry.** Attorney Appearance(s): Kevin Gerarde, Jose Rafael Rodriguez. USPO Stephanie Galvez. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 11/20/2023) |
| 11/22/2023 | 139 | JUDGMENT as to Kadeem Stephan Maynard (3), Counts 1, 2, 2s, 3, 3s, Dismissed; Count 1s, IMPRISONMENT: 57 months. SUPERVISED RELEASE: 5 years. Assessment: $100.00. Closing Case for Defendant. Signed by Judge Kathleen M. Williams on 11/22/2023. *See attached document for full details.* (scn) (Entered: 11/22/2023) |
| 11/30/2023 | | SYSTEM ENTRY - Docket Entry 140 restricted/sealed until further notice. (mso) (Entered: 11/30/2023) |
| 12/05/2023 | | SYSTEM ENTRY - Docket Entry 141 restricted/sealed until further notice. (amb) (Entered: 12/05/2023) |
| 12/05/2023 | | SYSTEM ENTRY - Docket Entry 142 restricted/sealed until further notice. (amb) (Entered: 12/05/2023) |
| 12/05/2023 | | SYSTEM ENTRY - Docket Entry 143 restricted/sealed until further notice. (amb) (Entered: 12/05/2023) |
| 12/07/2023 | | SYSTEM ENTRY - Docket Entry 144 restricted/sealed until further notice. (amb) (Entered: 12/07/2023) |
| 12/07/2023 | | SYSTEM ENTRY - Docket Entry 145 restricted/sealed until further notice. (amb) (Entered: 12/07/2023) |
| 12/07/2023 | | SYSTEM ENTRY - Docket Entry 146 restricted/sealed until further notice. (amb) (Entered: 12/07/2023) |

| 12/11/2023 | [147](#) | Unopposed MOTION to Modify Conditions of Bond and Permit Travel by Andrew Alturo Fahie. Responses due by 12/27/2023 (Van Vliet, Theresa) (Entered: 12/11/2023) |
| 12/11/2023 | | SYSTEM ENTRY - Docket Entry 148 restricted/sealed until further notice. (amb) (Entered: 12/11/2023) |
| 12/11/2023 | | SYSTEM ENTRY - Docket Entry 149 restricted/sealed until further notice. (amb) (Entered: 12/11/2023) |
| 12/11/2023 | [150](#) | Witness List by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 12/11/2023) |
| 12/11/2023 | [151](#) | EXHIBIT LIST by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 12/11/2023) |
| 12/12/2023 | 152 | PAPERLESS ORDER granting DE [147](#) Motion to Modify Conditions of Bond and Permit to Travel as to Andrew Alturo Fahie (1). Signed by Judge Kathleen M. Williams on 12/12/2023. (mso) (Entered: 12/12/2023) |
| 12/13/2023 | [153](#) | Proposed Voir Dire Questions by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 12/13/2023) |
| 12/19/2023 | | SYSTEM ENTRY - Docket Entry 154 restricted/sealed until further notice. (mso) (Entered: 12/19/2023) |
| 12/19/2023 | | SYSTEM ENTRY - Docket Entry 155 restricted/sealed until further notice. (mso) (Entered: 12/19/2023) |
| 12/19/2023 | | SYSTEM ENTRY - Docket Entry 156 restricted/sealed until further notice. (mso) (Entered: 12/19/2023) |
| 12/19/2023 | | SYSTEM ENTRY - Docket Entry 157 restricted/sealed until further notice. (mso) (Entered: 12/19/2023) |
| 12/19/2023 | [158](#) | MOTION in Limine *to Preclude Entrapment Defense* by USA as to Andrew Alturo Fahie. Responses due by 1/2/2024 (Gerarde, Kevin) (Entered: 12/19/2023) |
| 12/19/2023 | [159](#) | MOTION in Limine *to Admit Co-Conspirator Statements* by USA as to Andrew Alturo Fahie. Responses due by 1/2/2024 (Gerarde, Kevin) (Entered: 12/19/2023) |
| 12/19/2023 | [160](#) | MOTION in Limine *to Preclude Defendant from Admitting Exculpatory Hearsay Statements* by USA as to Andrew Alturo Fahie. Responses due by 1/2/2024 (Gerarde, Kevin) (Entered: 12/19/2023) |
| 12/19/2023 | [161](#) | MOTION in Limine *to Preclude Cross Examination into Sensitive Investigative Techniques* by USA as to Andrew Alturo Fahie. Responses due by 1/2/2024 (Gerarde, Kevin) (Entered: 12/19/2023) |
| 12/19/2023 | [162](#) | NOTICE *Pursuant to Rule 26.1* by USA as to Andrew Alturo Fahie (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3) (Gerarde, Kevin) (Entered: 12/19/2023) |
| 12/20/2023 | [163](#) | MOTION to Strike [162](#) Notice (Other) by Andrew Alturo Fahie. Responses due by 1/3/2024 (Van Vliet, Theresa) (Entered: 12/20/2023) |
| 12/20/2023 | 164 | PAPERLESS ORDER Requiring Response from AUSA re: DE [163](#) Motion to Strike as to Andrew Alturo Fahie. **Government Response due by 12/27/2023.** Signed by Judge Kathleen M. Williams on 12/20/2023. |

| 12/20/2023 | 165 | Deputy Clerk's Notice of Docket Correction re: DE 164 Order Requiring Government's Response to Defendant's Motion DE 163 . **Docket Text Modified** by Deputy Clerk correcting the docket entry number. **Government's Response to DE 163 due by end of business on 12/27/2023** (mso) (Entered: 12/20/2023) |
| --- | --- | --- |
| 12/21/2023 | 166 | RESPONSE to Motion by Andrew Alturo Fahie re 161 MOTION in Limine *to Preclude Cross Examination into Sensitive Investigative Techniques* Replies due by 12/28/2023. (Van Vliet, Theresa) (Entered: 12/21/2023) |
| 12/21/2023 | 167 | Unopposed MOTION to Bring Electronic Equipment into the courtroom *for use at trial* by Andrew Alturo Fahie. Responses due by 1/4/2024 (Van Vliet, Theresa) (Entered: 12/21/2023) |
| 12/21/2023 | 168 | RESPONSE to Motion by Andrew Alturo Fahie re 158 MOTION in Limine *to Preclude Entrapment Defense* Replies due by 12/28/2023. (Van Vliet, Theresa) (Entered: 12/21/2023) |
| 12/21/2023 | 169 | ORDER granting 167 Motion to Bring Electronic Equipment into the courtroom as to Andrew Alturo Fahie (1). Signed by Judge Kathleen M. Williams on 12/21/2023. *See attached document for full details.* (mso) (Entered: 12/21/2023) |
| 12/27/2023 | 170 | RESPONSE to Motion by Andrew Alturo Fahie re 160 MOTION in Limine *to Preclude Defendant from Admitting Exculpatory Hearsay Statements* Replies due by 1/3/2024. (Van Vliet, Theresa) (Entered: 12/27/2023) |
| 12/27/2023 | 171 | RESPONSE in Opposition by USA as to Andrew Alturo Fahie re 163 MOTION to Strike 162 Notice (Other) Replies due by 1/3/2024. (Gerarde, Kevin) (Entered: 12/27/2023) |
| 12/27/2023 | 172 | NOTICE OF ATTORNEY APPEARANCE Sean Thomas McLaughlin appearing for USA. . Attorney Sean Thomas McLaughlin added to party USA(pty:pla). (McLaughlin, Sean) (Entered: 12/27/2023) |
| 12/28/2023 | 173 | NOTICE of Intent to Use *testimony pursuant to FRE 701 and/or 702* Evidence by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 12/28/2023) |
| 12/28/2023 | 174 | REPLY TO RESPONSE to Motion by Andrew Alturo Fahie re 163 MOTION to Strike 162 Notice (Other) (Van Vliet, Theresa) (Entered: 12/28/2023) |
| 12/29/2023 | 175 | PAPERLESS ORDER. **THIS MATTER** is before the Court *sua sponte*. On December 19, 2023, twenty-one (21) days before trial is scheduled to commence, the Government filed a Notice of Foreign Law Determination Pursuant to Fed. R. Crim. P. 26.1 (DE 162 ) ("Notice"). Accordingly, it is **ORDERED AND ADJUDGED** that by **January 3, 2024 at 5:00 p.m.,** the Government shall file a written summary of the "substance" and meaning of the relevant aspects of the foreign law matters referenced in its Notice and how they relate to the charges at issue in this case. Additionally, the Government shall identify the expert(s) referenced in its Notice and provide underlying CVs as well as a list of cases where that expert has testified. Signed by Judge Kathleen M. Williams on 12/29/2023. (bja) (Entered: 12/29/2023) |
| 12/29/2023 | 176 | Proposed Voir Dire Questions by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 12/29/2023) |

| | | |
|---|---|---|
| 12/29/2023 | 177 | Proposed Jury Instructions by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 12/29/2023) |
| 12/29/2023 | 178 | NOTICE *in Response to Court Order (DE 175)* by USA as to Andrew Alturo Fahie (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Gerarde, Kevin) (Entered: 12/29/2023) |
| 01/02/2024 | 179 | RE-NOTICE OF HEARINGS as to Andrew Alturo Fahie.<br><br>**Outstanding Motions Hearing set for 1/8/2024 at 10:00 AM in Miami Division before Judge Kathleen M. Williams.**<br><br>**Jury Trial reset for 1/10/2024 at 9:00 AM in Miami Division before Judge Kathleen M. Williams.**<br><br>(mso) (Entered: 01/02/2024) |
| 01/02/2024 | 180 | Proposed Jury Instructions by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 01/02/2024) |
| 01/03/2024 | 181 | Second MOTION to Bring Electronic Equipment into the courtroom *(Unopposed)* by Andrew Alturo Fahie. Responses due by 1/17/2024 (Attachments: # 1 Text of Proposed Order Order Granting Defendant Andrew Alturo Fahie's Second Unopposed Motion to Bring Electronic Equipment into Courthouse for Use at Trial)(Van Vliet, Theresa) (Entered: 01/03/2024) |
| 01/03/2024 | 182 | ORDER granting DE 181 Second Unopposed Motion to Bring Electronic Equipment into the courtroom as to Andrew Alturo Fahie (1).<br><br>Signed by Judge Kathleen M. Williams on 1/3/2023.<br><br>*See attached document for full details.* (mso) (Entered: 01/03/2024) |
| 01/03/2024 | 183 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams:<br><br>Zoom Status Conference as to Andrew Alturo Fahie held on 1/3/2024.<br><br>**\*\*Jury Trial RESET for 1/22/2024 at 9:00 AM in Miami Division before Judge Kathleen M. Williams.\*\***<br><br>Attorney Appearance(s): Kevin Gerarde, Theresa Mary Bailey Van Vliet.<br><br>Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov.<br><br>(mso) Modified trial year to 2024 on 1/4/2024 (mr1). (Entered: 01/03/2024) |
| 01/04/2024 | | Reset (to show year 2024) per DE#183 as to Andrew Alturo Fahie: Jury Trial set for 1/22/2024 09:00 AM in Miami Division before Judge Kathleen M. Williams. (mr1) (Entered: 01/04/2024) |
| 01/04/2024 | 184 | MOTION to Strike 173 Notice of Intent to Use Evidence by Andrew Alturo Fahie. Responses due by 1/18/2024 (Van Vliet, Theresa) (Entered: 01/04/2024) |
| 01/05/2024 | 185 | NOTICE of Supplemental Authority re 163 MOTION to Strike 162 Notice (Other) by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 01/05/2024) |
| 01/08/2024 | 186 | Proposed Jury Instructions by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 01/08/2024) |

| | | |
|---|---|---|
| 01/08/2024 | | SYSTEM ENTRY - Docket Entry 187 restricted/sealed until further notice. (scn) (Entered: 01/08/2024) |
| 01/08/2024 | 188 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: Motions Hearing as to Andrew Alturo Fahie held on 1/8/2024. The Court ruled on several different motions. Separate paperless Orders will be issued. Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 01/09/2024) |
| 01/09/2024 | 189 | NOTICE OF HEARING as to Andrew Alturo Fahie. **Status Conference to discuss trial matters set for 1/17/2024 at 10:00 AM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 01/09/2024) |
| 01/10/2024 | 190 | PAPERLESS ORDER denying as moot 161 Motion in Limine as to Andrew Alturo Fahie (1). Signed by Judge Kathleen M. Williams on 1/10/2024. (mso) (Entered: 01/10/2024) |
| 01/11/2024 | | SYSTEM ENTRY - Docket Entry 191 restricted/sealed until further notice. (amb) (Entered: 01/11/2024) |
| 01/11/2024 | | SYSTEM ENTRY - Docket Entry 192 restricted/sealed until further notice. (amb) (Entered: 01/11/2024) |
| 01/11/2024 | | SYSTEM ENTRY - Docket Entry 193 restricted/sealed until further notice. (mso) (Entered: 01/11/2024) |
| 01/11/2024 | | SYSTEM ENTRY - Docket Entry 194 restricted/sealed until further notice. (mso) (Entered: 01/11/2024) |
| 01/11/2024 | 195 | RE-NOTICE OF SENTENCING HEARING as to Oleanvine Pickering Maynard. **Sentencing hearing reset for 2/22/2024 at 2:00 PM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 01/11/2024) |
| 01/12/2024 | | SYSTEM ENTRY - Docket Entry 196 restricted/sealed until further notice. (amb) (Entered: 01/12/2024) |
| 01/12/2024 | | SYSTEM ENTRY - Docket Entry 197 restricted/sealed until further notice. (amb) (Entered: 01/12/2024) |
| 01/16/2024 | 198 | NOTICE *of Filing Ex Parte Document Pursuant to Court's Direction* by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 01/16/2024) |
| 01/16/2024 | | SYSTEM ENTRY - Docket Entry 199 restricted/sealed until further notice. (amb) (Entered: 01/16/2024) |
| 01/16/2024 | | SYSTEM ENTRY - Docket Entry 200 restricted/sealed until further notice. (mso) (Entered: 01/16/2024) |
| 01/16/2024 | | SYSTEM ENTRY - Docket Entry 201 restricted/sealed until further notice. (amb) (Entered: 01/16/2024) |

| 01/17/2024 | | SYSTEM ENTRY - Docket Entry 202 restricted/sealed until further notice. (amb) (Entered: 01/17/2024) |
|---|---|---|
| 01/17/2024 | | SYSTEM ENTRY - Docket Entry 203 restricted/sealed until further notice. (amb) (Entered: 01/17/2024) |
| 01/17/2024 | 204 | EXHIBIT LIST by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 01/17/2024) |
| 01/17/2024 | 205 | Witness List by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 01/17/2024) |
| 01/17/2024 | | SYSTEM ENTRY - Docket Entry 206 restricted/sealed until further notice. (mso) (Entered: 01/17/2024) |
| 01/17/2024 | 207 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: **Status Conference re: trial as to Andrew Alturo Fahie held on 1/17/2024.** Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 01/17/2024) |
| 01/19/2024 | 208 | RE-NOTICE OF JURY TRIAL as to Andrew Alturo Fahie. **JURY TRIAL RESET for 1/19/2024 at 9:00 AM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 01/19/2024) |
| 01/19/2024 | 209 | ***CORRECTED*** NOTICE OF JURY TRIAL as to Andrew Alturo Fahie. **JURY TRIAL RESET for 1/29/2024 at 9:00 AM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 01/19/2024) |
| 01/23/2024 | 210 | MOTION in Limine *Regarding Government "Chat" Exhibits* by Andrew Alturo Fahie. Responses due by 2/6/2024. (Van Vliet, Theresa) (Entered: 01/23/2024) |
| 01/24/2024 | 211 | NOTICE OF ZOOM PRE-TRIAL CONFERENCE HEARING as to Andrew Alturo Fahie. **Zoom Pre-trial Conference set for 1/25/2024 at 10:00 AM in Miami Division before Judge Kathleen M. Williams. The Court will email the parties a zoom meeting participant link.** (mso) (Entered: 01/24/2024) |
| 01/25/2024 | 212 | EXHIBIT LIST by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 01/25/2024) |
| 01/25/2024 | 213 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: Zoom Pretrial Conference as to Andrew Alturo Fahie held on 1/25/2024. Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 01/25/2024) |

| 01/29/2024 | 214 | Proposed Jury Instructions by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 01/29/2024) |
|---|---|---|
| 01/29/2024 | 215 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: **Jury Selection/Voir Dire as to Andrew Alturo Fahie held on 1/29/2024, DAY 1 Jury Trial as to Andrew Alturo Fahie held on 1/29/2024. Counsel made opening statements. Court recessed. Trial to resume on 1/30/2024 at 9:00 am.** Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 01/29/2024) |
| 01/30/2024 | 216 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: **DAY 2 Jury Trial as to Andrew Alturo Fahie held on 1/30/2024. The Court reviewed admitted exhibits, listened to recordings and heard witness testimony presented by the government. Court recessed. Jury Trial to resume on 1/31/2024 at 9:00 am** Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) Docket text Modified on 1/31/2024 (mso). (Entered: 01/30/2024) |
| 01/31/2024 | 217 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: **DAY 3 Jury Trial as to Andrew Alturo Fahie held on 1/31/2024. The Court reviewed admitted exhibits, listened to recordings and heard witness testimony presented by the government. Court recessed. Jury Trial resumes on 2/1/2024 at 9:00 am.** Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 01/31/2024) |
| 01/31/2024 | 218 | Deputy Clerk's Notice of Docket Correction re DE 216 Paperless Minute Entry for DAY 2 of Jury Trial. **Docket Text Modified** by Deputy Clerk to correct a grammatical error. (mso) (Entered: 01/31/2024) |
| 02/01/2024 | 219 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: **DAY 4 Jury Trial as to Andrew Alturo Fahie held on 2/1/2024. The Court reviewed admitted exhibits, listened to recordings, heard additional witness testimony presented by the government and cross examination by defense counsel. Court recessed. Jury Trial will resume on Monday 2/5/2024 at 9:00 am.** Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. |

| 02/05/2024 | 220 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: |
| | | **DAY 5 Jury Trial as to Andrew Alturo Fahie held on 2/5/2024. Court heard additional witness testimony and reviewed admitted exhibits. Court recessed and will reconvene on 2/6/2024 at 9:00 am.** |
| | | Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. |
| | | Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. |
| | | (mso) (Entered: 02/06/2024) |
| 02/06/2024 | 221 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: |
| | | **DAY 6 Jury Trial as to Andrew Alturo Fahie held on 2/6/2024. Court heard additional witness testimony and recordings. Court reviewed admitted exhibits. Court recessed and will resume trial on 2/7/2024.** |
| | | Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. |
| | | Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. |
| | | (mso) (Entered: 02/07/2024) |
| 02/07/2024 | 222 | EXHIBIT LIST by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 02/07/2024) |
| 02/07/2024 | 223 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: |
| | | **DAY 7 Jury Trial as to Andrew Alturo Fahie held on 2/7/2024. The Court heard additional witness testimony and reviewed admitted exhibits. Government rests. Defense Rule 29 motion. Defense rests. Defense renewed Rule 29 motion. Court denied Rule 29 motion. Charge conference held. Court recessed and will resume trial on 2/8/2024.** |
| | | Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. |
| | | Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. |
| | | (mso) (Entered: 02/07/2024) |
| 02/08/2024 | 225 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: |
| | | **DAY 8 Jury Trial as to Andrew Alturo Fahie held on 2/8/2024. Counsel made closing arguments and rebuttal argument. Jury instructions administered and read into the record to the jurors. Jury deliberation. Jury verdict reached. Court published verdict and was read into the record. Jury polled. Defendant remanded into USM custody. \*\*Sentencing hearing scheduled for 4/29/2024 at 2:00 pm before Judge Kathleen M. Williams.\*\*** |
| | | Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet. |
| | | Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. |

(mso) Modified docket text on 2/12/2024 (mso). (Entered: 02/09/2024)

| | | |
|---|---|---|
| 02/09/2024 | 224 | NOTICE OF HEARING as to Andrew Alturo Fahie.<br><br>**In-person Miscellaneous Status Conference Hearing set for 2/12/2024 at 10:30 AM in Miami Division before Judge Kathleen M. Williams. Defendant Fahie needs to be present at the hearing.**<br><br>(mso) (Entered: 02/09/2024) |
| 02/12/2024 | 226 | ORDER MEMORIALIZING THE GRANTING ORE TENUS MOTION TO DISCHARGE BOND as to Andrew Alturo Fahie.<br><br>Signed by Judge Kathleen M. Williams on 2/12/2024.<br><br>*See attached document for full details.*<br><br>(mso) (Entered: 02/12/2024) |
| 02/12/2024 | 227 | NOTICE *of Filing Regarding Fed. R. Evid. 606(b)* by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 02/12/2024) |
| 02/12/2024 | 229 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams:<br><br>**Status Conference as to Andrew Alturo Fahie held on 2/12/2024. As discussed at the hearing, parties shall file additional briefing as directed by the Court by Thursday 2/15/2024.**<br><br>Attorney Appearance(s): Kevin Gerarde, Sean Thomas McLaughlin, Theresa Mary Bailey Van Vliet.<br><br>Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov.<br><br>(mso) (Entered: 02/13/2024) |
| 02/13/2024 | 228 | Response *to Government's Brief on Lack of Unanimous Verdicts* by Andrew Alturo Fahie to 227 Notice (Other) (Van Vliet, Theresa) (Entered: 02/13/2024) |
| 02/14/2024 | 230 | NOTICE of Filing Supplemental Brief Regarding the Application of Fed. R. Evid. 606(b) in Cases Where Defendant Faces a Mandatory Minimum Penalty by USA as to Andrew Alturo Fahie. (Gerarde, Kevin) (Entered: 02/14/2024) |
| 02/15/2024 | 231 | NOTICE *of Defendant's Briefing Regarding Jurors' Confession of Lack of Unanimity and Motion for Leave to Interview Jurors Pursuant to Local Rule 11(e)* by Andrew Alturo Fahie re 229 Status Conference, (Van Vliet, Theresa) (Entered: 02/15/2024) |
| 02/17/2024 | 232 | NOTICE OF ZOOM MISCELLANEOUS HEARING as to Andrew Alturo Fahie.<br><br>**Zoom Miscellaneous Hearing set for 2/20/2024 at 10:00 AM in Miami Division before Judge Kathleen M. Williams. The Court will email the parties a zoom meeting participant link.**<br><br>(mso) (Entered: 02/17/2024) |
| 02/19/2024 | 233 | Response/Memorandum in Opposition *to Defendant's Motion for Leave to Interview Jurors Under Local Rule 11(e)* by USA as to Andrew Alturo Fahie to 231 Notice (Other), (Gerarde, Kevin) (Entered: 02/19/2024) |

| | | |
|---|---|---|
| 02/20/2024 | 234 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: Zoom Miscellaneous Hearing as to Andrew Alturo Fahie held on 2/20/2024. Defense counsel waived Defendant's appearance. ***In-person Status Conference Hearing set for 3/7/2024 at 10:00 AM in Miami Division before Judge Kathleen M. Williams.*** Attorney Appearance(s): Kevin Gerarde, Theresa Mary Bailey Van Vliet, Joyce A. Delgado. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) Modified docket text on 2/20/2024 (mso). (Entered: 02/20/2024) |
| 02/20/2024 | 235 | NOTICE OF ATTORNEY APPEARANCE: Joyce Adriana Delgado appearing for Andrew Alturo Fahie . Attorney Joyce Adriana Delgado added to party Andrew Alturo Fahie(pty:dft). (Delgado, Joyce) (Entered: 02/20/2024) |
| 02/21/2024 | | SYSTEM ENTRY - Docket Entry 236 restricted/sealed until further notice. (amb) (Entered: 02/21/2024) |
| 02/21/2024 | | SYSTEM ENTRY - Docket Entry 237 restricted/sealed until further notice. (amb) (Entered: 02/21/2024) |
| 02/21/2024 | | SYSTEM ENTRY - Docket Entry 238 restricted/sealed until further notice. (mso) (Entered: 02/21/2024) |
| 02/21/2024 | 239 | RE-NOTICE OF SENTENCING HEARING as to Oleanvine Pickering Maynard. **Sentencing hearing reset for 3/28/2024 at 3:00 PM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 02/21/2024) |
| 02/23/2024 | 240 | Unopposed MOTION EXEMPTING GOVERNMENT FROM MANDATORY ELECTRONIC FILING OF TRIAL EXHIBITS by USA as to Andrew Alturo Fahie. Responses due by 3/8/2024. (Attachments: # 1 Text of Proposed Order)(Gerarde, Kevin) (Entered: 02/23/2024) |
| 02/26/2024 | 241 | **ORDER GRANTING DE 240 Unopposed Motion to Exempt Government from Mandatory Electronic Filing of Trial Exhibits as to Andrew Alturo Fahie.** Signed by Judge Kathleen M. Williams on 2/26/2024. *See attached document for full details.* (mso) (Entered: 02/27/2024) |
| 02/27/2024 | 242 | NOTICE OF ZOOM HEARING as to Andrew Alturo Fahie. **ZOOM Status Conference set for 2/27/2024 at 3:30 PM in Miami Division before Judge Kathleen M. Williams. The Court emailed counsel a zoom meeting participant link.** (mso) (Entered: 02/27/2024) |
| 02/27/2024 | 243 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: |

**ZOOM Status Conference as to Andrew Alturo Fahie held on 2/27/2024.**

Attorney Appearance(s): Kevin Gerarde, Theresa Mary Bailey Van Vliet.

Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov.

(mso) (Entered: 02/28/2024)

| 02/29/2024 | 244 | NOTICE OF ATTORNEY APPEARANCE Jonathan David Colan appearing for USA. . Attorney Jonathan David Colan added to party USA(pty:pla). (Colan, Jonathan) (Entered: 02/29/2024) |
| --- | --- | --- |
| 02/29/2024 | 245 | MOTION Government's Request to Interview the Jury Foreperson by USA as to Andrew Alturo Fahie. Responses due by 3/14/2024. (Colan, Jonathan) (Entered: 02/29/2024) |
| 02/29/2024 | 246 | EXHIBIT LIST by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 02/29/2024) |
| 02/29/2024 | 247 | CERTIFICATE of Compliance Re Admitted Evidence as to Andrew Alturo Fahie by Kevin Gerarde (Gerarde, Kevin) (Entered: 02/29/2024) |
| 03/01/2024 | 248 | CLERK'S Notice of Maintaining Audio-Visual Exhibit(s) received from Government Re D.E. 247 Certificate of Compliance Re Admitted Evidence Exhibit Numbers: (1 Flash Drive ) as to Andrew Alturo Fahie. (rrs) (Entered: 03/01/2024) |
| 03/01/2024 | 249 | NOTICE *of Filing Defendants Exhibits* by Andrew Alturo Fahie as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard re 222 Exhibit List (Attachments: # 1 Defendant's Exhibit 1, # 2 Defendant's Exhibit 2, # 3 Defendant's Exhibit 4) (Van Vliet, Theresa) Modified Applicable Party on 3/1/2024 (drz). (Entered: 03/01/2024) |
| 03/01/2024 | 250 | Clerk's Notice to Filer re 249 Notice (Other). **Master Case Selected**; ERROR - The filer selected the Master Case, instead of the applicable defendant. The correction was made by the Clerk. It is not necessary to refile this document. (drz) (Entered: 03/01/2024) |
| 03/06/2024 | 251 | NOTICE of Supplemental Authority by USA as to Andrew Alturo Fahie (Colan, Jonathan) (Entered: 03/06/2024) |
| 03/07/2024 | 252 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: **Status Conference discussing jury verdict as to Andrew Alturo Fahie held on 3/7/2024. Juror No 12 present and the Court made inquiry into her verdict. Juror confirmed that was her verdict.** Attorney Appearance(s): Kevin Gerarde, Theresa Mary Bailey Van Vliet, Joyce Adriana Delgado. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. (mso) (Entered: 03/08/2024) |
| 03/08/2024 | 253 | Jury Instructions as to Andrew Alturo Fahie. (mso) (Entered: 03/08/2024) |
| 03/08/2024 | 254 | JURY VERDICT as to Andrew Alturo Fahie (1) Guilty on Counts 1s,2s,3s,4s. (mso) (Entered: 03/08/2024) |
| 03/08/2024 | 255 | Jury Notes as to Andrew Alturo Fahie (mso) (Entered: 03/08/2024) |
| 03/08/2024 | 256 | COURT'S RECORD OF EXHIBITS and WITNESS LISTS by Andrew Alturo Fahie. (mso) (Entered: 03/08/2024) |

| | | |
|---|---|---|
| 03/20/2024 | | SYSTEM ENTRY - Docket Entry 257 restricted/sealed until further notice. (amb) (Entered: 03/20/2024) |
| 03/20/2024 | | SYSTEM ENTRY - Docket Entry 258 restricted/sealed until further notice. (amb) (Entered: 03/20/2024) |
| 03/22/2024 | | SYSTEM ENTRY - Docket Entry 259 restricted/sealed until further notice. (mso) (Entered: 03/22/2024) |
| 03/22/2024 | | SYSTEM ENTRY - Docket Entry 260 restricted/sealed until further notice. (mso) (Entered: 03/22/2024) |
| 03/22/2024 | 261 | RE-NOTICE OF SENTENCING HEARING as to Oleanvine Pickering Maynard. **Sentencing Hearing continued to 4/5/2024 at 3:00 PM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 03/22/2024) |
| 03/25/2024 | 262 | RE-NOTICE OF SENTENCING HEARING as to Oleanvine Pickering Maynard. **Sentencing Hearing RESET for 4/26/2024 at 3:00 PM in Miami Division before Judge Kathleen M. Williams.** (mso) (Entered: 03/25/2024) |
| 03/26/2024 | 263 | DRAFT Disclosure of Presentence Investigation Report of Andrew Alturo Fahie. This is a limited access document. Report access provided to attorneys Gabrielle Raemy Charest-Turken, Kevin Gerarde, Sean Thomas McLaughlin, Jonathan David Colan, Joyce Adriana Delgado by USPO (Attachments: # 1 Position of Parties)(jcm) (Entered: 03/26/2024) |
| 03/29/2024 | 264 | NOTICE OF ATTORNEY APPEARANCE: Richard Francis Della Fera appearing for Andrew Alturo Fahie . Attorney Richard Francis Della Fera added to party Andrew Alturo Fahie(pty:dft). (Della Fera, Richard) (Entered: 03/29/2024) |
| 04/04/2024 | 265 | Unopposed MOTION to Continue Sentencing Hearing by Andrew Alturo Fahie. Responses due by 4/18/2024. (Van Vliet, Theresa) (Entered: 04/04/2024) |
| 04/04/2024 | 266 | PAPERLESS ORDER GRANTING DE 265 Motion to Continue Sentencing Hearing as to Andrew Alturo Fahie (1). **SENTENCING HEARING RESET for 6/25/2024 at 2:00 PM in Miami Division before Judge Kathleen M. Williams.** Signed by Judge Kathleen M. Williams on 4/4/2024. (mso) (Entered: 04/04/2024) |
| 04/25/2024 | | SYSTEM ENTRY - Docket Entry 267 restricted/sealed until further notice. (pcs) (Entered: 04/25/2024) |
| 04/25/2024 | | SYSTEM ENTRY - Docket Entry 268 restricted/sealed until further notice. (pcs) (Entered: 04/25/2024) |
| 04/25/2024 | | SYSTEM ENTRY - Docket Entry 269 restricted/sealed until further notice. (mso) (Entered: 04/25/2024) |
| 04/25/2024 | 270 | RE-NOTICE OF SENTENCING HEARING as to Oleanvine Pickering Maynard. **Sentencing hearing RESET for 6/6/2024 at 2:00 PM in Miami Division before Judge Kathleen M. Williams. \*\*No further continuances will be granted.\*\*** |

| 05/30/2024 | 271 | RE-NOTICE OF SENTENCING HEARING as to Oleanvine Pickering Maynard. |
| | | **Sentencing hearing reset for 6/20/2024 at 10:00 AM in Miami Division before Judge Kathleen M. Williams.** |
| | | (mso) (Entered: 05/30/2024) |
| 06/04/2024 | 272 | Second MOTION to Continue Sentencing Hearing *(Unopposed)* by Andrew Alturo Fahie. Responses due by 6/18/2024. (Van Vliet, Theresa) (Entered: 06/04/2024) |
| 06/05/2024 | 273 | ORDER granting DE 272 Motion to Continue Sentencing Hearing as to Andrew Alturo Fahie (1). |
| | | **Sentencing hearing RESET for 8/5/2024 at 2:00 PM in Miami Division before Judge Kathleen M. Williams.** Signed by Judge Kathleen M. Williams on 6/4/2024. |
| | | *See attached document for full details.* |
| | | (mso) (Entered: 06/05/2024) |
| 06/07/2024 | 274 | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 06/07/2024) |
| 06/17/2024 | 275 | FINAL Addendum 3 Disclosure of Presentence Investigation Report of Oleanvine Pickering Maynard. This is a limited access document. Report access provided to attorneys Gabrielle Raemy Charest-Turken, Kevin Gerarde, Sean Thomas McLaughlin, Jonathan David Colan, Raymond D'Arsey Houlihan, III by USPO (Attachments: # 1 Addendum - First, # 2 Addendum - Second, # 3 Addendum - Third, # 4 Recommendation Page SECOND REVISED - Judge's, # 5 Recommendation Page REVISED - Attorney's) (jcm) (Entered: 06/17/2024) |
| 06/18/2024 | | SYSTEM ENTRY - Docket Entry 276 restricted/sealed until further notice. (amb) (Entered: 06/18/2024) |
| 06/18/2024 | | SYSTEM ENTRY - Docket Entry 277 restricted/sealed until further notice. (amb) (Entered: 06/18/2024) |
| 06/18/2024 | | SYSTEM ENTRY - Docket Entry 278 restricted/sealed until further notice. (mso) (Entered: 06/18/2024) |
| 06/20/2024 | 281 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: |
| | | **Sentencing hearing held on 6/20/2024 as to Oleanvine Pickering Maynard. The Court imposed the following sentence: Imprisonment for a term of 112 months as to Count 1 of the Superseding Indictment; the government dismissed all remaining counts; followed by 5 years supervised release; special assessment of $100.00; defendant shall comply with all special conditions as noted in part F of the PSI. Defendant was advised of her right to appeal within 14 days from entry of the Judgment on the docket. A Judgment in a Criminal Case will be issued separately from this minute entry.** |
| | | Attorney Appearance(s): Kevin Gerarde, Raymond D'Arsey Houlihan, III. USPO Stephanie Galvez. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. |
| | | (mso) (Entered: 06/25/2024) |

| 06/21/2024 | 279 | MOTION for Extension of Time to File Response by USA as to Andrew Alturo Fahie. Responses due by 7/8/2024. (Gerarde, Kevin) (Entered: 06/21/2024) |
|---|---|---|
| 06/24/2024 | 280 | **PAPERLESS ORDER granting DE 279 Motion for Extension of Time to File Response as to Andrew Alturo Fahie (1).** <br><br> Government's Response due by 6/28/2024. <br><br> Signed by Judge Kathleen M. Williams on 6/24/2024. <br><br> (mso) (Entered: 06/24/2024) |
| 06/25/2024 | 282 | JUDGMENT as to Oleanvine Pickering Maynard (2), Count(s) 1, 2, 2s, 3, 3s, 5s, DISMISSED.; Count(s) 1s, IMPRISONMENT: 112 months. SUPERVISED RELEASE: 5 years. Assessment: $100 Closing Case for Defendant. Signed by Judge Kathleen M. Williams on 6/25/2024. *See attached document for full details.* (kpe) (Entered: 06/26/2024) |
| 06/28/2024 | 283 | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by USA as to Andrew Alturo Fahie (Gerarde, Kevin) (Entered: 06/28/2024) |
| 07/17/2024 | 284 | RESPONSE to 283 Objections to Presentence Investigation Report by Andrew Alturo Fahie (Van Vliet, Theresa) (Entered: 07/17/2024) |
| 07/18/2024 | 285 | FINAL Addendum 1 Disclosure of Presentence Investigation Report of Andrew Alturo Fahie. This is a limited access document. Report access provided to attorneys Gabrielle Raemy Charest-Turken, Kevin Gerarde, Sean Thomas McLaughlin, Jonathan David Colan, Theresa Mary Bailey Van Vliet, Joyce Adriana Delgado by USPO (Attachments: # 1 Addendum, # 2 Recommendation Page - Judge's, # 3 Recommendation Page - Attorney's)(jcm) (Entered: 07/18/2024) |
| 08/03/2024 | 286 | NOTICE *of Filing Letters in Support of Defendant* by Andrew Alturo Fahie (Della Fera, Richard) (Entered: 08/03/2024) |
| 08/04/2024 | 287 | NOTICE *of Filing Additional Letter in Support of Defendant* by Andrew Alturo Fahie (Della Fera, Richard) (Entered: 08/04/2024) |
| 08/05/2024 | 288 | PAPERLESS Minute Entry for proceedings held before Judge Kathleen M. Williams: <br><br> **Sentencing hearing held on 8/5/2024 as to Andrew Alturo Fahie. The Court imposed the following sentence: Imprisonment for a term of 135 months as to Counts 1 through 4 of the Superseding Indictment; followed by 5 years supervised release; special assessment of $400.00; defendant shall comply with all special conditions as noted in part F of the PSI. Defendant was advised of his right to appeal within 14 days from entry of the Judgment on the docket. A Judgment in a Criminal Case will be issued separately from this minute entry.** <br><br> Attorney Appearance(s): Kevin Gerarde, Richard Francis Della Fera, Theresa Mary Bailey Van Vliet, Joyce Adriana Delgado. USPO Stephanie Galvez. <br><br> Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. <br><br> (mso) Modified docket text on 8/7/2024 (mso). (Entered: 08/07/2024) |
| 08/08/2024 | 289 | FINAL AFTER SENTENCING Disclosure of REVISED Presentence Investigation Report of Andrew Alturo Fahie. This is a limited access document. Report access provided to attorneys Gabrielle Raemy Charest-Turken, Kevin Gerarde, Sean Thomas |

| | | |
|---|---|---|
| | | McLaughlin, Jonathan David Colan, Joyce Adriana Delgado by USAO. (Attachments: # 1 Addendum)(jcm) (Entered: 08/08/2024) |
| 08/08/2024 | 290 | JUDGMENT as to Andrew Alturo Fahie (1), Count(s) 1, 2, 3, DISMISSED.; Count(s) 1s, IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. Count(s) 2s, IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. Count(s) 3s, IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. SUPERVISED RELEASE: Five (5) Years - This term consists of (5) Years as to Count 1 and 3 Years as to each of Counts 2 Through 4, all such terms run concurrently.; Count(s) 4s, IMPRISONMENT: 135 Months - this term consists of 135 Months as to each of Counts 1 through 3 and 60 Months as to Count 4, all such terms to run concurrently. SUPERVISED RELEASE: Five (5) Years - This term consists of (5) Years as to Count 1 and 3 Years as to each of Counts 2 Through 4, all such terms run concurrently. Assessment: $400.00 Closing Case for Defendant. - Motions terminated: 210 MOTION in Limine *Regarding Government "Chat" Exhibits* filed by Andrew Alturo Fahie, 9 MOTION for Pre-Trial Detention filed by USA, 184 MOTION to Strike 173 Notice of Intent to Use Evidence filed by Andrew Alturo Fahie, 163 MOTION to Strike 162 Notice (Other) filed by Andrew Alturo Fahie, 160 MOTION in Limine *to Preclude Defendant from Admitting Exculpatory Hearsay Statements* filed by USA, 159 MOTION in Limine *to Admit Co-Conspirator Statements* filed by USA, 158 MOTION in Limine *to Preclude Entrapment Defense* filed by USA, 245 MOTION Government's Request to Interview the Jury Foreperson filed by USA. Signed by Judge Kathleen M. Williams on 8/8/2024. *See attached document for full details.* (nan) (Entered: 08/09/2024) |
| 08/21/2024 | 291 | MOTION for Extension of Time to File Notice of Appeal by Andrew Alturo Fahie. Responses due by 9/4/2024. (Della Fera, Richard) (Entered: 08/21/2024) |
| 08/22/2024 | 292 | **ORDER GRANTING DE 291 Motion for Extension of Time to File Notice of Appeal as to Andrew Alturo Fahie (1).**<br><br>Signed by Judge Kathleen M. Williams on 8/22/2024.<br><br>*See attached document for full details.* (mso) (Entered: 08/23/2024) |
| 09/17/2024 | 293 | NOTICE OF HEARING as to Oleanvine Pickering Maynard.<br><br>**In-person Status Conference set for 10/8/2024 at 2:00 PM in Miami Division before Judge Kathleen M. Williams. Defendant needs to be present at this hearing.**<br><br>(mso) (Entered: 09/17/2024) |
| 09/17/2024 | | SYSTEM ENTRY - Docket Entry 294 restricted/sealed until further notice. (amb) (Entered: 09/17/2024) |
| 09/17/2024 | | SYSTEM ENTRY - Docket Entry 295 restricted/sealed until further notice. (amb) (Entered: 09/17/2024) |
| 09/19/2024 | 296 | NOTICE OF APPEAL by Andrew Alturo Fahie Re: 290 Judgment,,,,,,,,. Filing fee $ 605.00 receipt number AFLSDC-17846172. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (Della Fera, Richard) (Entered: 09/19/2024) |

| Date | No. | Description |
|---|---|---|
| 09/19/2024 | 297 | MOTION to Withdraw as Attorney by Richard F. Della Fera for /, MOTION to Appoint Counsel ( Responses due by 10/3/2024.) by Andrew Alturo Fahie. (Della Fera, Richard) (Entered: 09/19/2024) |
| 09/19/2024 | | Transmission of Notice of Appeal, Judgment under appeal, and Docket Sheet as to Andrew Alturo Fahie to US Court of Appeals re 296 Notice of Appeal - Final Judgment, Notice has been electronically mailed. (apz) (Entered: 09/19/2024) |
| 09/19/2024 | 298 | MOTION to Withdraw as Attorney by Theresa Van Vliet, Esq. for / by Andrew Alturo Fahie. (Van Vliet, Theresa) (Entered: 09/19/2024) |
| 09/19/2024 | | SYSTEM ENTRY - Docket Entry 299 restricted/sealed until further notice. (mso) (Entered: 09/19/2024) |
| 09/20/2024 | 300 | **PAPERLESS ORDER APPOINTING CJA ATTORNEY as to Andrew Alturo Fahie. Benedict P. Kuehne for Andrew Alturo Fahie appointed for Appeal CJA representation. Date attorney was appointed CJA: 9/20/2024.** <br><br> Signed by Judge Kathleen M. Williams on 9/20/2024. <br><br> (mso) (Entered: 09/20/2024) |
| 09/20/2024 | 301 | PAPERLESS ORDER granting DE 297 Motion to Withdraw as Attorney. Richard Francis Della Fera withdrawn from case as to Andrew Alturo Fahie (1); Terminating Richard Francis Della Fera as counsel as to Andrew Alturo Fahie (1). <br><br> Signed by Judge Kathleen M. Williams on 9/20/2024. <br><br> (mso) (Entered: 09/20/2024) |
| 09/20/2024 | 302 | PAPERLESS ORDER granting DE 298 Motion to Withdraw as Attorney. Theresa Mary Bailey Van Vliet withdrawn from case as to Andrew Alturo Fahie (1). <br><br> Signed by Judge Kathleen M. Williams on 9/20/2024. <br><br> (mso) (Entered: 09/20/2024) |
| 09/20/2024 | 303 | Acknowledgment of Receipt of NOA from USCA as to Andrew Alturo Fahie re 296 Notice of Appeal - Final Judgment, date received by USCA: 9/19/2024. USCA Case Number: 24-13063-J. (apz) (Entered: 09/23/2024) |
| 09/24/2024 | 304 | MOTION to Withdraw as Attorney by Joyce A. Delgado for / by Andrew Alturo Fahie. (Delgado, Joyce) (Entered: 09/24/2024) |
| 09/27/2024 | | Notice cancelling Status Conference set for 10/8/2024 at 2:00 PM in Miami Division before Judge Kathleen M. Williams as to Oleanvine Pickering Maynard. <br><br> (mso) (Entered: 09/27/2024) |
| 09/30/2024 | | SYSTEM ENTRY - Docket Entry 305 restricted/sealed until further notice. (mso) (Entered: 09/30/2024) |
| 10/03/2024 | 306 | TRANSCRIPT ORDER FORM as to Andrew Alturo Fahie re 296 Notice of Appeal - Final Judgment,, filed by Andrew Alturo Fahie. Transcript Requested. Counsel/Party submitting transcript order form: Benedict P Kuehne. Link to Circuit Transcript Order Form PDF sent to: Court Reporter Gilda Pastor-Hernandez,Court Reporter Patricia Sanders,Court Reporter Coordinator. **Payment Status: Completed CJA 24**. (Kuehne, Benedict) (Entered: 10/03/2024) |

| | | |
|---|---|---|
| 10/03/2024 | 307 | Clerk's Notice to Filer re 306 **Circuit Transcript Order Form. Incorrect Form. The filer used an outdated Transcript Information Form. CORRECTIVE ACTION REQUIRED** - The Filer must file a Notice of Striking, then refile the correct form. (Correct form can be found on our website, under court info - court sections - court reporter or by visiting the Eleventh Circuit Court of Appeals website.) (apz) (Entered: 10/04/2024) |
| 10/15/2024 | | SYSTEM ENTRY - Docket Entry 308 restricted/sealed until further notice. (mso) (Entered: 10/15/2024) |
| 10/16/2024 | | SYSTEM ENTRY - Docket Entry 309 restricted/sealed until further notice. (mso) (Entered: 10/16/2024) |
| 10/22/2024 | 310 | NOTICE of Striking 306 **Circuit Transcript Order Form**, *with Filing of Revised Transcript Order Form* by Andrew Alturo Fahie (Kuehne, Benedict) (Entered: 10/22/2024) |
| 10/22/2024 | 311 | TRANSCRIPT ORDER FORM as to Andrew Alturo Fahie re 296 Notice of Appeal - Final Judgment,, filed by Andrew Alturo Fahie. Transcript Requested. Counsel/Party submitting transcript order form: Benedict P Kuehne. Link to Circuit Transcript Order Form PDF sent to: Court Reporter Gilda Pastor-Hernandez,Court Reporter Patricia Sanders,Court Reporter Coordinator. **Payment Status: Completed CJA 24**. (Kuehne, Benedict) (Entered: 10/22/2024) |
| 10/30/2024 | 312 | COURT REPORTER ACKNOWLEDGMENT as to Andrew Alturo Fahie re 311 **Circuit Transcript Order Form</b. Court Reporter: Joanne Mancari, 917-270-7048. Estimated filing date of transcript 11/24/2024. (apz)** (Entered: 10/31/2024) |
| 11/04/2024 | 313 | COURT REPORTER ACKNOWLEDGMENT as to Andrew Alturo Fahie re 306 **Circuit Transcript Order Form**,. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Arrangements not made for payment. (ps) (Entered: 11/04/2024) |
| 11/05/2024 | 314 | COURT REPORTER ACKNOWLEDGMENT as to Andrew Alturo Fahie re 311 **Circuit Transcript Order Form**, 296 Notice of Appeal - Final Judgment. Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov. Arrangements not made for payment. USCA number 24-13063-J. (gpz) (Entered: 11/05/2024) |
| 11/12/2024 | 315 | NOTICE of Striking 311 **Circuit Transcript Order Form**, *in Compliance with Court Directive Regarding AUTH-24 CJA Transcript Requests* by Andrew Alturo Fahie (Kuehne, Benedict) (Entered: 11/12/2024) |
| 11/12/2024 | 316 | TRANSCRIPT ORDER FORM as to Andrew Alturo Fahie re 296 Notice of Appeal - Final Judgment,, filed by Andrew Alturo Fahie. Transcript Requested. Counsel/Party submitting transcript order form: Benedict P Kuehne. Link to Circuit Transcript Order Form PDF sent to: Court Reporter Gilda Pastor-Hernandez,Court Reporter Patricia Sanders,Court Reporter Coordinator. **Payment Status: Completed CJA 24**. Digitial/DAR file name(s): JG_01_04-29-2022/Zoom, 10:18:06, 10:12:50, (Kuehne, Benedict) (Entered: 11/12/2024) |
| 12/02/2024 | 317 | COURT REPORTER ACKNOWLEDGMENT as to Andrew Alturo Fahie re 296 Notice of Appeal - Final Judgment, 316 **Circuit Transcript Order Form**. Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov. Arrangements not made for payment. USCA number 24-13063-J. (gpz) (Entered: 12/02/2024) |

USCA11 Case: 24-13063      Document: 43      Date Filed: 02/10/2026      Page: 42 of 116

| | | |
|---|---|---|
| 01/09/2025 | 318 | COURT REPORTER ACKNOWLEDGMENT as to Andrew Alturo Fahie re 296 Notice of Appeal - Final Judgment,,. Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Estimated filing date of transcript 2-9-2025. (ps) (Entered: 01/09/2025) |
| 01/10/2025 | | SYSTEM ENTRY - Docket Entry 319 restricted/sealed until further notice. (amb) (Entered: 01/10/2025) |
| 01/10/2025 | | SYSTEM ENTRY - Docket Entry 320 restricted/sealed until further notice. (amb) (Entered: 01/10/2025) |
| 01/21/2025 | 321 | TRANSCRIPT of Initial Appearance Hearing as to Andrew Alturo Fahie held on 4/29/2022 before Ch. Magistrate Judge Jonathan Goodman, 1-8 pages, re: 296 Notice of Appeal - Final Judgment, Court Reporter: Joanne Mancari, jemancari@gmail.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. (apz) (Entered: 01/22/2025) |
| 01/21/2025 | 322 | TRANSCRIPT of Status Conference regarding Report Re: Counsel as to Andrew Alturo Fahie held on 5/4/2022 before Magistrate Judge Alicia M. Otazo-Reyes, 1-61 pages, re: 296 Notice of Appeal - Final Judgment, Court Reporter: Janne Mancari, jemancari@gmail.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. (apz) (Entered: 01/22/2025) |
| 01/21/2025 | 323 | TRANSCRIPT of Arraignment Hearing as to Andrew Alturo Fahie held on 5/25/2022 before Judge Jacqueline Becerra, 1-3 pages, re: 296 Notice of Appeal - Final Judgment, Court Reporter: Joanne Mancari, jemancari@gmail.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025. (apz) (Entered: 01/22/2025) |
| 01/21/2025 | 324 | TRANSCRIPT of Arraignment Hearing as to Andrew Alturo Fahie held on 11/16/2022 before Judge Melissa Damian, 1-4 pages, re: 296 Notice of Appeal - Final Judgment, Court Reporter: Joanne Mancari, jemancari@gmail.com. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/11/2025. Release of Transcript Restriction set for 4/21/2025. (apz) (Entered: 01/22/2025) |
| 01/21/2025 | 325 | TRANSCRIPT NOTIFICATION as to Andrew Alturo Fahie - Transcript(s) ordered on: 10/22/2024 by Benedict P. Kuehne, Esq. have been filed by Court Reporter: Joanne Mancari, 907-270-7048 re 311 **Circuit Transcript Order Form**, 312 Court Reporter Acknowledgment. (apz) (Entered: 01/22/2025) |
| 02/06/2025 | | SYSTEM ENTRY - Docket Entry 326 restricted/sealed until further notice. (mso) (Entered: 02/06/2025) |
| 02/11/2025 | | SYSTEM ENTRY - Docket Entry 327 restricted/sealed until further notice. (amb) (Entered: 02/11/2025) |

| 02/19/2025 | [328](#) | COURT REPORTER ACKNOWLEDGMENT (Revised) as to Andrew Alturo Fahie re [296](#) Notice of Appeal - Final Judgment, [316](#) **Circuit Transcript Order Form**. Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov. Estimated filing date of transcript 03-21-25. USCA number 24-13063-J. (gpz) (Entered: 02/19/2025) |
|---|---|---|
| 02/20/2025 | [329](#) | TRANSCRIPT of the Nebbia Hearing as to Andrew Alturo Fahie held on 06-13-22 before Judge Kathleen M. Williams, 1-11 pages, re: [296](#) Notice of Appeal - Final Judgment, Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov. USCA Case Number: 24-13063-J. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/13/2025. Redacted Transcript Deadline set for 3/24/2025. Release of Transcript Restriction set for 5/21/2025. (gpz) (Entered: 02/20/2025) |
| 02/20/2025 | [330](#) | TRANSCRIPT NOTIFICATION as to Andrew Alturo Fahie - Transcript(s) ordered on: 11-12-24 by Benedict P. Kuehne, Esq. has/have been filed by Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov re [296](#) Notice of Appeal - Final Judgment, [328](#) Court Reporter Acknowledgment, [316](#) **Circuit Transcript Order Form**. (gpz) (Entered: 02/20/2025) |
| 03/12/2025 | | SYSTEM ENTRY - Docket Entry 331 restricted/sealed until further notice. (amb) (Entered: 03/12/2025) |
| 07/08/2025 | [332](#) | TRANSCRIPT of trial as to Andrew Alturo Fahie held on 1-29-2024 before Judge Kathleen M. Williams, 178 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/08/2025 | [333](#) | TRANSCRIPT of trial proceedings as to Andrew Alturo Fahie held on 1-30-2024 before Judge Kathleen M. Williams, 62 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/08/2025 | [334](#) | TRANSCRIPT of trial proceedings as to Andrew Alturo Fahie held on 1-31-2024 before Judge Kathleen M. Williams, 45 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/08/2025 | [335](#) | TRANSCRIPT of trial proceedings as to Andrew Alturo Fahie held on 2-1-2024 before Judge Kathleen M. Williams, 135 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the |

| | | Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
|---|---|---|
| 07/08/2025 | [336](#) | TRANSCRIPT of trial proceedings as to Andrew Alturo Fahie held on 2-5-2024 before Judge Kathleen M. Williams, 86 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/08/2025 | [337](#) | TRANSCRIPT of trial proceedings as to Andrew Alturo Fahie held on 2-6-2024 before Judge Kathleen M. Williams, 121 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/08/2025 | [338](#) | TRANSCRIPT of trial proceedings as to Andrew Alturo Fahie held on 2-7-2024 before Judge Kathleen M. Williams, 132 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/08/2025 | [339](#) | TRANSCRIPT of trial proceedings as to Andrew Alturo Fahie held on 2-8-2024 before Judge Kathleen M. Williams, 163 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/08/2025 | [340](#) | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 3-7-2024 before Judge Kathleen M. Williams, 24 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2025. Redacted Transcript Deadline set for 8/8/2025. Release of Transcript Restriction set for 10/6/2025. (ps) (Entered: 07/08/2025) |
| 07/10/2025 | [341](#) | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 2-20-2024 before Judge Kathleen M. Williams, 19 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/31/2025. |

| | | Redacted Transcript Deadline set for 8/11/2025. Release of Transcript Restriction set for 10/8/2025. (ps) (Entered: 07/10/2025) |
|---|---|---|
| 07/15/2025 | [342](#) | TRANSCRIPT of sentencing hearing as to Andrew Alturo Fahie held on 8-5-2024 before Judge Kathleen M. Williams, 44 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/5/2025. Redacted Transcript Deadline set for 8/15/2025. Release of Transcript Restriction set for 10/14/2025. (ps) (Entered: 07/15/2025) |
| 07/16/2025 | [343](#) | TRANSCRIPT of Zoom hearing as to Andrew Alturo Fahie held on 2-27-2024 before Judge Kathleen M. Williams, 7 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/6/2025. Redacted Transcript Deadline set for 8/18/2025. Release of Transcript Restriction set for 10/14/2025. (ps) (Entered: 07/16/2025) |
| 10/06/2025 | [344](#) | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 1-3-2024 before Judge Kathleen M. Williams, 8 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |
| 10/06/2025 | [345](#) | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 1-8-2024 before Judge Kathleen M. Williams, 22 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |
| 10/06/2025 | [346](#) | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 1-17-2024 before Judge Kathleen M. Williams, 24 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |
| 10/06/2025 | [347](#) | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 1-25-2024 before Judge Kathleen M. Williams, 25 pages, re: [296](#) Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |

| | | |
|---|---|---|
| 10/06/2025 | 348 | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 2-12-2024 before Judge Kathleen M. Williams, 18 pages, re: 296 Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |
| 10/06/2025 | 349 | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 2-20-2024 before Judge Kathleen M. Williams, 19 pages, re: 296 Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |
| 10/06/2025 | 350 | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 2-27-2024 before Judge Kathleen M. Williams, 7 pages, re: 296 Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |
| 10/06/2025 | 351 | TRANSCRIPT of hearing as to Andrew Alturo Fahie held on 3-7-2024 before Judge Kathleen M. Williams, 24 pages, re: 296 Notice of Appeal - Final Judgment,, Court Reporter: Patricia Sanders, 305-523-5548 / Patricia_Sanders@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/27/2025. Redacted Transcript Deadline set for 11/6/2025. Release of Transcript Restriction set for 1/5/2026. (ps) (Entered: 10/06/2025) |
| 12/17/2025 | 352 | Corrected Trial Transcript and Notice of Correction (CERTIFICATION PAGE ADDED) as to trial transcript held on 2-5-2024 (ps) (Entered: 12/17/2025) |
| 01/27/2026 | 353 | Unopposed MOTION Access by Appointed Appellate COunse to Sealed Docket Entries for Appellate Purposes Only re 108 Notice of Hearing by Andrew Alturo Fahie as to Andrew Alturo Fahie, Oleanvine Pickering Maynard, Kadeem Stephan Maynard. Responses due by 2/10/2026. (Attachments: # 1 Text of Proposed Order Order Granting Court Appointed Appellate Counsel Access to Sealed Docket Entries for Appellate Purposes Only)(Kuehne, Benedict) (Entered: 01/27/2026) |
| 01/27/2026 | 354 | **ORDER GRANTING DE 353 UNOPPOSED MOTION BY COURT-APPOINTED APPELLATE COUNSEL FOR DEFENDANT FAHIE TO ACCESS SEALED DOCKET ENTRIES FOR REVIEW FOR APPEAL as to Andrew Alturo Fahie (1).** <br><br> Signed by Judge Kathleen M. Williams on 1/27/2026. <br><br> *See attached document for full details.* <br><br> (mso) (Entered: 01/27/2026) |

| 01/29/2026 | 355 | CLERK'S NOTICE of Compliance re 354 Order as to Andrew Alturo Fahie. Sealed docket entries provided to Kuehne Davis Law, P.A (kpe) (Entered: 01/29/2026) |

**PACER Service Center**

**Transaction Receipt**

02/04/2026 09:04:41

| PACER Login: | BenKuehneLawFirm | Client Code: | X-Fahie-5601 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:22-cr-20191-KMW |
| Billable Pages: | 30 | Cost: | 3.00 |
| Exempt flag: | Not Exempt | Exempt reason: | Not Exempt |

DE61

FILED BY __MM__ D.C.

NOV 0 8 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>22-20191-CR-WILLIAMS/McALILEY(s)</u>

21 U.S.C. § 963
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 1952(a)(3)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA,

v.

ANDREW ALTURO FAHIE,
    a/k/a "Head Coach,"
    a/k/a "Coach,"
OLEANVINE PICKERING MAYNARD,
    a/k/a "Rose,"
    a/k/a "P," and
KADEEM STEPHAN MAYNARD,
    a/k/a "Blacka,"

        Defendants.

_____/

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Import a Controlled Substance
### (21 U.S.C. § 963)

From at least as early as on or about October 16, 2021, and continuing through on or about

April 28, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the

defendants,

ANDREW ALTURO FAHIE,
a/k/a "Head Coach,"
a/k/a "Coach,"
OLEANVINE PICKERING MAYNARD,

**a/k/a "Rose,"**
**a/k/a "P," and**
**KADEEM STEPHAN MAYNARD,**
**a/k/a "Blacka,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others

known and unknown to the Grand Jury, to import into the United States, from a place outside

thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in

violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to

the defendants as a result of their own conduct, and the conduct of other conspirators reasonably

foreseeable to them, is five kilograms or more of a mixture and substance containing a detectable

amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code,

Section 960(b)(1)(B)(ii).

## <u>COUNT 2</u>
**Conspiracy to Engage in Money Laundering**
**(18 U.S.C. § 1956(h))**

From at least as early as on or about October 16, 2021, and continuing through on or about

April 28, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the

defendants,

**ANDREW ALTURO FAHIE,**
**a/k/a "Head Coach,"**
**a/k/a "Coach,"**
**OLEANVINE PICKERING MAYNARD,**
**a/k/a "Rose,"**
**a/k/a "P," and**
**KADEEM STEPHAN MAYNARD,**
**a/k/a "Blacka,"**

did knowingly and willfully combine, conspire, confederate and agree with each other, and with

other persons known and unknown to the Grand Jury, to commit certain offenses against the United

States, in violation of Title 18, United States Code, Section 1956, that is:

2

(a)      to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(b)      to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

It is further alleged that the specified unlawful activity is:

(a)      the manufacture, importation, sale, and distribution of a controlled substance, punishable under the laws of the United States and the British Virgin Islands; and

(b)      an offense against a foreign nation, specifically the United Kingdom and the territory of the British Virgin Islands, involving bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT 3**
**Attempted Money Laundering**
**(18 U.S.C. § 1956(a)(2)(A))**

On or about April 28, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANDREW ALTURO FAHIE,**
a/k/a "Head Coach,"
a/k/a "Coach,"
**OLEANVINE PICKERING MAYNARD,**
a/k/a "Rose,"
a/k/a "P," and
**KADEEM STEPHAN MAYNARD,**
a/k/a "Blacka,"

did knowingly attempt to transport, transmit and transfer a monetary instrument and funds from a

place in the United States to and through a place outside the United States with the intent to

promote the carrying on of specified unlawful activity.

It is further alleged that the specified unlawful activity is:

(a)     the manufacture, importation, sale, and distribution of a controlled substance,

punishable under the laws of the United States and the British Virgin Islands; and

(b)     an offense against a foreign nation, specifically the United Kingdom and the

territory of the British Virgin Islands, involving bribery of a public official, or the

misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official,

as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## COUNT 4
**Interstate and Foreign Travel in Aid of Racketeering**
**(18 U.S.C. § 1952(a)(3))**

On or about April 24, 2022, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

**ANDREW ALTURO FAHIE,**
a/k/a "Head Coach,"
a/k/a "Coach,"

did knowingly travel in interstate and foreign commerce with the intent to promote, manage,

establish, carry on, and facilitate the promotion, management, establishment and carrying on of

4

an unlawful activity, that is a business enterprise involving narcotics or controlled substances, in violation of Title 21, United States Code, Section 963, and conspiracy and attempt to commit money laundering, in violation of Title 18, United States Code, Section 1956, and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT 5
### Interstate and Foreign Travel in Aid of Racketeering
### (18 U.S.C. § 1952(a)(3))

On or about April 26, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**OLEANVINE PICKERING MAYNARD,**
**a/k/a "Rose,"**
**a/k/a "P,"**

did knowingly travel in interstate and foreign commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is a business enterprise involving narcotics or controlled substances, in violation of Title 21, United States Code, Section 963, and conspiracy and attempt to commit money laundering, in violation of Title 18, United States Code, Section 1956, and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of

America of certain property in which any of the defendants, **ANDREW ARTURO FAHIE**, **OLEANVINE PICKERING MAYNARD** and **KADEEM STEPHAN MAYNARD**, have an interest.

2.      Upon conviction of a violation of Title 21, United States Code, Section 841, 846, 952(a) and/or 963, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3.      Upon conviction of a violation or conspiracy to violate Title 18, United States Code, Section 1956, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.      Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1952, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

5.      If any of the property subject to forfeiture, as a result of an act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided with
difficulty,

the United States shall be entitled to the forfeiture of substitute property pursuant to Title 21,
United States Code, Section 853(p).

     All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 21.
United States Code., Sections 853 and 970, and the procedures set forth at Title 21, United States
Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1), and Title
28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

SHANE R. BUTLAND
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ANDREW ARTURO FAHIE,
    a/k/a "Head Coach,"
    a/k/a "Coach," et al.
                         /
           **Defendants.**

**CASE NO.:**  **22-cr-20191-WILLIAMS/McALILEY(s)**

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) **No**
Number of New Defendants _____
Total number of New Counts **2**

**Court Division** (select one)
☑ Miami  ☐ Key West  ☐ FTP
☐ FTL  ☐ WPB

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.   Interpreter: (Yes or No) **No**
    List language and/or dialect: _____

4.   This case will take **12** days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

    (Check only one)          (Check only one)
    I   ☐ 0 to  5 days     ☐ Petty
    II  ☐ 6 to 10 days    ☐ Minor
    III ☑ 11 to 20 days  ☐ Misdemeanor
    IV ☐ 21 to 60 days  ☑ Felony
    V  ☐ 61 days and over

6.   Has this case been previously filed in this District Court? (Yes or No) **Yes**
    If yes, Judge _____   Case No. **22-CR-20191-Williams/McAliley**

7.   Has a complaint been filed in this matter? (Yes or No) **Yes**
    If yes, Magistrate Case No. **22-MJ-02719-Goodman**

8.   Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
    If yes, Judge _____   Case No. _____

9.   Defendant(s) in federal custody as of **April 28, 2022**

10.  Defendant(s) in state custody as of _____

11.  Rule 20 from the _____ District of _____

12.  Is this a potential death penalty case? (Yes or No) **No**

13.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
        Shane Butland
        Assistant United States Attorney
        Court ID No.    A5502525

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** ANDREW ALTURO FAHIE, a/k/a "Head Coach," a/k/a "Coach"

**Case No:** 22-20191-CR-WILLIAMS/McALILEY(s)

Count #: 1

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Section 963
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**
* **Max. Supervised Release: 5 year mandatory minimum to life**
* **Max. Fine: $10,000,000**

Count #: 2

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

Count #: 3

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: ANDREW ALTURO FAHIE, a/k/a "Head Coach," a/k/a "Coach"

**Case No**: 22-20191-CR-WILLIAMS/McALILEY(s)

Count #: 4

Foreign Travel in Aid of Racketeering

Title 18, United States Code, Section 1952(a)(3)
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: OLEANVINE PICKERING MAYNARD, a/k/a "Rose," a/k/a "P"

**Case No**: 22-20191-CR-WILLIAMS/McALILEY(s)

Count #: 1

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Section 963
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**
* **Max. Supervised Release: 5 year mandatory minimum to life**
* **Max. Fine: $10,000,000**

Count #: 2

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

Count #: 3

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>OLEANVINE PICKERING MAYNARD, a/k/a "Rose," a/k/a "P"</u>

**Case No**: <u>22-20191-CR-WILLIAMS/McALILEY(s)</u>

Count #: 5

<u>Foreign Travel in Aid of Racketeering</u>

<u>Title 18, United States Code, Section 1952(a)(3)</u>
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: KADEEM STEPHAN MAYNARD, a/k/a "Blacka"

**Case No**: 22-20191-CR-WILLIAMS/McALILEY(s)

Count #: 1

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Section 963
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**
* **Max. Supervised Release: 5 year mandatory minimum to life**
* **Max. Fine: $10,000,000**

Count #: 2

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

Count #: 3

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

DE253

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  22-20191-CR-WILLIAMS(s)**

**UNITED STATES OF AMERICA**

**vs.**

**ANDREW ALTURO FAHIE,**
        **a/k/a "Head Coach,"**
        **a/k/a "Coach,"**

                **Defendant.**
_____/


**INSTRUCTIONS**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with Codefendant Oleanvine Maynard in exchange for her testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

Members of the Jury: Exhibits 1b through 13b have been identified as typewritten transcripts of the oral conversations heard on the recordings received in evidence as Exhibits 1a through 13a. The transcripts also purport to identify the speakers engaged in the conversations.

I've admitted the transcripts for the limited and secondary purpose of helping you follow the content of the conversations as you listen to the recordings and also to help you identify the speakers.

But you are specifically instructed that whether a transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from your own examination of the transcript in relation to hearing the recording itself as the primary evidence of its own contents.

If you determine that a transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

The superseding indictment charges four (4) separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the superseding indictment to refer to during your deliberations but let me summarize the charges now.

Count I charges that the Defendant knowingly and willfully conspired to import cocaine, a Schedule II controlled substance, into the United States, from a place outside the United States.

Count II charges that the Defendant knowingly and willfully conspired to engage in money laundering. The Government has alleged that the Defendant conspired to do so in two ways:

First, to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to a through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity.

Second, to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to and through a place outside the United States knowing that the monetary instruments or funds involved represent the proceeds of some form of unlawful activity and knowing that the transportation, transmission or transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of a specified unlawful activity.

I will explain the law defining some of these terms, such as specified unlawful activity in a moment.

Count III charges that the Defendant knowingly attempted to engage in money laundering.

Count IV charges that the Defendant knowingly traveled in interstate and foreign commerce with the intent to promote, manage, establish carry on, or facilitate unlawful activity and thereafter, performed or attempted to perform acts to promote, manage, establish and carry on, or facilitate unlawful activity.

Note that the Defendant is not charged in Counts I and II with committing a substantive offense – the Defendant is charged with conspiring to commit those offenses. I will also give you specific instructions on conspiracy.

In **Count I**, the Defendant is charged with violating Title 21, United States Code, Section 963.  Title 21, United States Code, Section 952 makes it a crime for anyone to knowingly import into the United States from a place outside thereof, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 963.  It's a separate Federal crime for anyone to conspire to knowingly import a controlled substance into the United States.  Cocaine is a "controlled substance."  To "import" a substance means to bring or transport that substance into the United States from some place outside the United States.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

As to **Count I**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

First:  Two (2) or more people in some way agreed to try to accomplish a shared and unlawful plan to import a controlled substance;

Second:  The Defendant knew the unlawful purpose of the plan and willfully joined in it; and

Third:  The object of the unlawful plan was to import five (5) kilograms or more of cocaine.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.  If the Defendant played only a

minor part in the plan but had a general understanding of the unlawful purpose of the plan - and willfully joined in the plan on at least one (1) occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't, standing alone, establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.  However, if you find that the circumstances surrounding the Defendant's presence at the scene of conspiratorial activity are so obvious, knowledge of the conspiracy's character may be fairly attributed to him.

In **Count I**, the Defendant is charged with conspiring to import into the United States at least 5 kilograms of cocaine. But you may find the Defendant guilty of the crime even if the amount of the controlled substance for which he should be held responsible is less than 5 kilograms.  So if you unanimously find the Defendant guilty, you must also unanimously find whether the Government has proved beyond a reasonable doubt the weight of the cocaine the Defendant conspired to import into the United States and specify the amount on the verdict form.

In **Count II**, the Defendant is charged with violating Title 18, United States Code, Sections 1956(a)(2)(A), 1956(a)(2)(B)(i) and (h).  It's a Federal crime to conspire to engage in money laundering involving specified unlawful activity that violates Title 18, United States Code, Sections 1956(a)(2)(A) and/or 1956(a)(2)(B)(i).

As to **Count II**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

1)  Two (2) or more people in some way agreed to try to accomplish a shared and unlawful plan to violate Title 18, United States Code, Section 1956(a)(2)(A) and/or Title 18, United States Code, Section 1956(a)(2)(B)(i); and

2)  The Defendant knew the unlawful purpose of the plan and willfully joined in it.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.  The Government does not have to prove that all of the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.  If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan - and willfully joined in the plan on at least one (1) occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't, standing alone, establish proof of a conspiracy.

15

Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator. However, if you find that the circumstances surrounding the Defendant's presence at the scene of conspiratorial activity are so obvious, knowledge of the conspiracy's character may be fairly attributed to him.

The conspiracy charged in **Count II** has two (2) objects or goals, namely, two different types of money laundering. The first object is knowing participation in the transport, transmission, or transfer of monetary instruments or money from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(2)(A).

The second object is knowing participation in the transport, transmission, or transfer of monetary instruments or money from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, knowing that the monetary instruments or money involved were the proceeds of some kind of unlawful activity, designed to in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds of specified unlawful activity, Title 18, United States Code, Section 1956(a)(2)(B)(i).

I will explain each of these objects in turn. It is important to note, however, that the Government does not need to prove that the Defendant agreed to accomplish both of the two (2) objects in order for you to find the Defendant guilty of **Count II**, conspiracy to commit money laundering. Moreover, the Government does not have to prove that either of the two (2) objects was actually accomplished. However, the Government must prove beyond a reasonable doubt that an agreement existed to accomplish either one (1) of the two (2) objects and the Defendant knew

16

the unlawful purpose of the plan and willfully joined in it.  So, if you unanimously find the Defendant guilty of **Count II**, you must also unanimously find which "object of the conspiracy" the Defendant agreed to commit and indicate each object on the verdict form.

> Object #1 – Promotional Money Laundering

The elements of Title 18, United States Code, Section 1956(a)(2)(A) are as follows:

(1) The Defendant knowingly transported, transmitted, or transferred a monetary instrument or money from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States; and

(2) The Defendant acted with the intent to promote the carrying on of any of the specified unlawful activity set forth below.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money.  It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.  It doesn't matter whether the monetary instrument or money involved in this case was derived from criminal activity.  It could be legitimately earned income, even money provided by a government agent in the course of an undercover operation.

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted to conduct transportation, transmission, or transfer a monetary instrument or money from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States for the purpose of making easier or helping to bring about any of the "specified unlawful activity" as defined below.

The term "specified unlawful activity" means any one of the following illegal activities:

(1) an offense involving the felonious importation, sale, or distribution of cocaine punishable under the laws of the United States; (2) an offense against a foreign nation, specifically the BVI, involving bribery of a public official; or (3) an offense against a foreign nation, specifically the United Kingdom ("UK"), involving bribery of a public official.

<u>Object #2 – Concealment Money Laundering</u>

The elements of Title 18, United States Code, Section 1956(a)(2)(B)(i) are as follows:

(1) The Defendant knowingly transported, transmitted, or transferred a monetary instrument or money from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States;

(2) The Defendant knew that the monetary instrument or money involved in the transportation, transmission, or transfer were the proceeds of some kind of unlawful activity; and

(3) The Defendant knew that the transportation, transmission, or transfer was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds of any of the specified unlawful activity set forth below.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money.  It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.  It could be money represented to be proceeds of unlawful activity provided by a government agent in the course of an undercover operation.

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

To know "that the money or property involved in the transportation, transmission, or transfer came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The term "specified unlawful activity" means any one of the following illegal activities: (1) an offense involving the felonious importation, sale, or distribution of cocaine punishable under the laws of the United States; (2) an offense against a foreign nation, specifically the BVI, involving bribery of a public official; or (3) an offense against a foreign nation, specifically the United Kingdom ("UK"), involving bribery of a public official.

Last, if you unanimously find the Defendant guilty of **Count II**, you must also unanimously find the "specified unlawful activity" involved and indicate each specified unlawful activity on the verdict form.

Specified Unlawful Activity #1

The laws of the United States outlaw the importation, sale, and distribution of cocaine. Title 21, United States Code, Section 841(a)(1) makes it a felony crime for anyone to distribute or possess with the intent to distribute cocaine.  Title 21, United States Code, Section 846 makes it a felony crime for anyone to knowingly attempt to or conspire to distribute or possess with the intent to distribute cocaine.  Title 21, United States Code, Section 952 makes it a felony crime for anyone to knowingly import cocaine into the United States from some place outside the United States.  As set forth above in **Count I**, Title 21, United States Code, Section 963 also makes it a felony crime for anyone to knowingly attempt to or conspire to import cocaine into the United States from some place outside the United States.

Specified Unlawful Activity #2

The laws of the BVI outlaw bribery of a public official.  Under Section 79 of the BVI Criminal Code (2013), as the Premier of the British Virgin Islands, elected member of the BVI House of Assembly, and BVI Minister of Finance, the Defendant was a public official.  Pursuant

to Section 80(1)(b) of the BVI Criminal Code (2013), the elements for bribery of a public official are as follows: 1) the public official directly or indirectly solicited, accepted, or obtained from another person – for the public official or any other person – a gratification, that is, any of the following, including any conditional or unconditional offer or promise of the following: a gift, reward, premium, or other monetary or non-monetary advantage other than lawful employment pay or compensation; a fee or commission consisting of money; a payment, release, or discharge of a loan, obligation, or other liability; a payment of inadequate consideration for property, an interest in property, goods, or services; or an overpayment for property, an interest in property, goods, or services; 2) the gratification was linked to the public official doing, abstaining from doing, having done, or abstained from having done an act; and 3) the act was facilitated by the public official's functions or duties as a public official.

<u>Specified Unlawful Activity #3</u>

The laws of the UK outlaw bribery of a public official. Under Section 16 of the UK's Bribery Act of 2010, as the Premier of the British Virgin Islands, elected member of the BVI House of Assembly, and BVI Minister of Finance, the Defendant was "an individual in the public service of the Crown," and thus, a public official. Pursuant to Section 2(2) of the UK's Bribery Act of 2010, the elements for bribery of a public official are as follows: 1) the public official agreed to receive or accept a financial or other advantage; and 2) the public official did so with the intent that any function of a public nature or any activity performed in the course of the public official's employment that the public official was expected to perform in good faith or impartially, would be performed improperly, that is, performed or failed to be performed by the public official or another person in breach of a relevant expectation.

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails.  In **Count III**, the Defendant is charged with attempting to violate Title 18, United States Code, Section 1956(a)(2)(A), which makes it a Federal crime for anyone to knowingly attempt to transport, transmit, or transfer a monetary instrument or money from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity.

A person can be found guilty of violating Title 18, United States Code, Section 1956(a)(2)(A), only if all the following facts are proved beyond a reasonable doubt:

(1) The person knowingly transported, transmitted, or transferred a monetary instrument or money from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States; and

(2) The person acted with the intent to promote the carrying on of specified unlawful activity.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money.  It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.  It doesn't matter whether the monetary instrument or money involved in this case was derived from criminal activity.  It could be legitimately earned income, even money provided by a government agent in the course of an undercover operation.

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted to conduct transportation, transmission, or transfer a monetary instrument or money from a place in the United States to or through a place

21

outside the United States, or to a place in the United States from or through a place outside the United States for the purpose of making easier or helping to bring about any of the "specified unlawful activity" as just defined below.

The term "specified unlawful activity" means any one of the following illegal activities: (1) an offense involving the felonious importation, sale, or distribution of cocaine punishable under the laws of the United States; (2) an offense against a foreign nation, specifically the BVI, involving bribery of a public official; or (3) an offense against a foreign nation, specifically the United Kingdom ("UK"), involving bribery of a public official.

As to **Count III**, the Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

1) The Defendant knowingly intended to commit the crime of promotional money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

2) The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act.  It must be more than simply preparing.  It must be an act that would normally result in committing the offense.

Last, if you unanimously find the Defendant guilty of **Count III**, you must also unanimously find the "specified unlawful activity" involved and indicate each specified unlawful activity on the verdict form.

Specified Unlawful Activity #1

The laws of the United States outlaw the importation, sale, and distribution of cocaine. Title 21, United States Code, Section 841(a)(1) makes it a felony crime for anyone to distribute or possess with the intent to distribute cocaine.  Title 21, United States Code, Section 846 makes it a

felony crime for anyone to knowingly attempt to or conspire to distribute or possess with the intent to distribute cocaine.  Title 21, United States Code, Section 952 makes it a felony crime for anyone to knowingly import cocaine into the United States from some place outside the United States.  As set forth above in **Count I**, Title 21, United States Code, Section 963 also makes it a felony crime for anyone to knowingly attempt to or conspire to import cocaine into the United States from some place outside the United States.

Specified Unlawful Activity #2

The laws of the BVI outlaw bribery of a public official.  Under Section 79 of the BVI Criminal Code (2013), as the Premier of the British Virgin Islands, elected member of the BVI House of Assembly, and BVI Minister of Finance, the Defendant was a public official.  Pursuant to Section 80(1)(b) of the BVI Criminal Code (2013), the elements for bribery of a public official are as follows: 1) the public official directly or indirectly solicited, accepted, or obtained from another person – for the public official or any other person – a gratification, that is, any of the following, including any conditional or unconditional offer or promise of the following: a gift, reward, premium, or other monetary or non-monetary advantage other than lawful employment pay or compensation; a fee or commission consisting of money; a payment, release, or discharge of a loan, obligation, or other liability; a payment of inadequate consideration for property, an interest in property, goods, or services; or an overpayment for property, an interest in property, goods, or services; 2) the gratification was linked to the public official doing, abstaining from doing, having done, or abstained from having done an act; and 3) the act was facilitated by the public official's functions or duties as a public official.

Specified Unlawful Activity #3

The laws of the UK outlaw bribery of a public official.  Under Section 16 of the UK's Bribery Act of 2010, as the Premier of the British Virgin Islands, elected member of the BVI House

of Assembly, and BVI Minister of Finance, the Defendant was "an individual in the public service of the Crown," and thus, a public official.  Pursuant to Section 2(2) of the UK's Bribery Act of 2010, the elements for bribery of a public official are as follows: 1) the public official agreed to receive or accept a financial or other advantage; and 2) the public official did so with the intent that any function of a public nature or any activity performed in the course of the public official's employment that the public official was expected to perform in good faith or impartially, would be performed improperly, that is, performed or failed to be performed by the public official or another person in breach of a relevant expectation.

In **Count IV**, the Defendant is charged with violating Title 18, United States Code, Section 1952(a)(3), which makes it a Federal crime for anyone to travel in interstate or foreign commerce in order to carry on certain unlawful activities.

As to **Count IV**, The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

1) The Defendant traveled in interstate or foreign commerce on or about April 24, 2022;
2) The Defendant traveled with the specific intent to promote, manage, establish, or carry on an unlawful activity; and
3) While traveling, the Defendant knowingly committed an act to promote, manage, establish, or carry on an unlawful activity.

The term "interstate commerce" means travel, transportation, or movement between one state and another state.   The term "foreign commerce" means travel, transportation, or movement between some place within the United States and some place outside the United States.

The Government must prove that the Defendant traveled in interstate commerce or foreign commerce and specifically intended to promote, manage, establish, or carry on an unlawful activity.  However, the Government does not have to prove that the unlawful activity was the only or even primary reason the Defendant traveled.

The crime charged is traveling in interstate commerce or foreign commerce with the intent to promote, manage, establish, or carry on an unlawful activity.  The statute lists various ways or methods that violate the law.  So, if you find beyond a reasonable doubt that any one method or way of violating the law occurred, that's sufficient.  But you must all unanimously agree on the particular way involved.

Last, if you unanimously find the Defendant guilty of **Count IV**, you must also unanimously find the "unlawful activity" involved and indicate each unlawful activity on the verdict form.

<u>Unlawful Activity #1</u>

"Unlawful activity" includes any business enterprise involving narcotics or controlled substances, in violation of Title 21, United States Code Section 963, including as charged in **Count I**. A "business enterprise" is a continuous course of conduct or series of transactions to make a profit, not a casual, sporadic, or isolated activity. For this crime, the term "business enterprise" includes illegal activities. It doesn't matter whether the illegal activity lasted for a particular length of time or was or was not the Defendant's primary occupation. What the Government must prove beyond a reasonable doubt is that the Defendant was involved in a business enterprise, as just defined, rather than casual, sporadic, or isolated activities.

<u>Unlawful Activity #2</u>

"Unlawful activity" also means any violation of Title 18, United States Code Section 1956 (money laundering), including as charged in **Counts II** and **Count III**.

Counts III and IV also charge violations of Title 18, United States Code, Section 2.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

As I previously instructed you, the Government must prove the elements of each of **Counts I-IV** beyond a reasonable doubt.

The defense contends that the Defendant, during the dates alleged in the superseding indictment, had an honestly held belief that others were attempting to remove him from his position in the British Virgin Islands government.  You may consider whether the Defendant honestly held such a belief in determining whether the Defendant had the requisite intent to commit each of **Counts I-IV** beyond a reasonable doubt.

Where a statute specifies multiple alternative ways in which an offense may be committed, the superseding <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

You'll see that the superseding indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

You've been permitted to take notes during the trial.  Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Each count of the superseding indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the superseding indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer (CSO). The CSO will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

DE254

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>22-20191-CR-WILLIAMS(s)</u>

UNITED STATES OF AMERICA

vs.

**ANDREW ALTURO FAHIE,**
      a/k/a "Head Coach,"
      a/k/a "Coach,"

      Defendant.

_____/

## <u>VERDICT</u>

1. We, the Jury, unanimously find the Defendant, **ANDREW ALTURO FAHIE**, as to **Count I**

of the Superseding Indictment:

    GUILTY ___X___          NOT GUILTY _____

  (a)    If you find the Defendant not guilty as charged in **Count I**, please skip to paragraph

        2. However, if you find the Defendant guilty as to **Count I**, please now proceed to

        paragraph 1(b) below.

  (b)    We, the Jury, having found the Defendant guilty of the offense charged in **Count**

        **I**, further find with respect to **Count I** that he conspired to import the following

        controlled substance in the amount shown (place an X in the appropriate box):

        <u>Cocaine</u>

        (i) Weighing 5 kilograms or more           [X]

        (ii) Weighing more than 500 grams, but less than 5 kilograms   [ ]

        (iii) Weighing less than 500 grams           [ ]

2.  We, the Jury, unanimously find the Defendant, **ANDREW ALTURO FAHIE**, as to **Count II** of the Superseding Indictment:

GUILTY  ⟋        NOT GUILTY _____

(a)   If you find the Defendant not guilty as charged in **Count II**, please skip to paragraph 3. However, if you find the Defendant guilty as to **Count II**, please now proceed to paragraphs 2(b) and 2(c) below.

(b)   We, the Jury, having found the Defendant guilty of the offense charged in **Count II**, further unanimously find with respect to **Count II** that the "object of the conspiracy" was (place an X in each appropriate box):

   (i)   <u>Object #1</u> - Promotional Money Laundering          [X]

   (ii)   <u>Object #2</u> - Concealment Money Laundering          [X]

(c)   We, the Jury, having found the Defendant guilty of the offense charged in **Count II**, also further unanimously find with respect to **Count II** that the "specified unlawful activity" involved (place an X in each appropriate box):

   (i)   <u>Specified Unlawful Activity #1</u> - an offense involving the felonious importation, sale, or distribution of cocaine punishable under the laws of the United States          [X]

   (ii)   <u>Specified Unlawful Activity #2</u> - an offense under BVI law involving bribery of a public official          [X]

   (iii)   <u>Specified Unlawful Activity #3</u> - an offense under UK law involving bribery of a public official          [X]

3. We, the Jury, unanimously find the Defendant, **ANDREW ALTURO FAHIE**, as to **Count III** of the Superseding Indictment:

GUILTY   X            NOT GUILTY  _____

   (a)    If you find the Defendant not guilty as charged in **Count III**, please skip to paragraph 4. However, if you find the Defendant guilty as to **Count III**, please now proceed to paragraph 2(b) below.

   (b)    We, the Jury, having found the Defendant guilty of the offense charged in **Count III**, further unanimously find with respect to **Count III** that the "specified unlawful activity" involved (place an X in each appropriate box):

        (i)    <u>Specified Unlawful Activity #1</u> - an offense involving the felonious importation, sale, or distribution of cocaine punishable under the laws of the United States      [X]

        (ii)    <u>Specified Unlawful Activity #2</u> - an offense under BVI law involving bribery of a public official      [X]

        (iii)    <u>Specified Unlawful Activity #3</u> - an offense under UK law involving bribery of a public official      [X]

4. We, the Jury, unanimously find the Defendant, **ANDREW ALTURO FAHIE**, as to **Count IV** of the Superseding Indictment:

GUILTY X___                    NOT GUILTY _____

(a)  If you find the Defendant not guilty as charged in **Count IV**, please disregard section (b) below. However, if you find the Defendant guilty as to **Count IV**, please now proceed to paragraph 4(b) below.

(b)  We, the Jury, having found the Defendant guilty of the offense charged in **Count IV**, further unanimously find with respect to **Count IV** that the "unlawful activity" was (place an X in each appropriate box):

(i)  <u>Unlawful Activity #1</u> - a business enterprise involving narcotics or controlled substances                                    [X]

(ii)  <u>Unlawful Activity #2</u> - money laundering, in violation of 18 U.S.C. § 1956

                                                                     [X]

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this _8_ day of February, 2024.

Foreperson's Signature                    Foreperson's Printed Name

DE296

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-20191-KMW

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ANDREW ALTURO FAHIE,

     Defendant.

_____/

## **NOTICE OF APPEAL**

    Defendant, ANDREW ALTURO FAHIE, by and through his undersigned counsel, hereby

files this Notice of Appeal of the Judgment and Sentence imposed in this case.

                    Respectfully submitted,

                    RICHARD F. DELLA FERA, P.A.
                    500 East Broward Blvd., Suite 1710
                    Fort Lauderdale, FL 33394
                    Telephone:   (954) 848-2872
                    Facsimile:   (954) 848-2873
                    Email: rdf@rdfattorney.com
                            admin@rdfattorney.com

                    By:___ */s/ Richard F. Della Fera*_____
                        RICHARD F. DELLA FERA
                      Fl. Bar No. 66710

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 20, 2024, I electronically filed the foregoing document with the Clerk of Court using CM ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the service list below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing and by U.S. Mail to Andrew Alturo Fahie, Reg No. 07491-506, FCI Tallahassee, P.O. Box 5000, Tallahassee, FL 32314.

:

By:_____*/s/ Richard F. Della Fera*_____
　　　　RICHARD F. DELLA FERA

DE290

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **1:22-CR-20191-KMW(1)** |
| **ANDREW ALTURO FAHIE** | § USM Number: **07491-506** |
| | § |
| | § Counsel for Defendant: **Theresa Van Vliet, Richard Francis** |
| | § **Della Fera, Joyce Delgado.** |
| | § Counsel for United States: **Kevin Gerarde** |

## THE DEFENDANT:

| | |
|---|---|
| ☐ | pleaded guilty to Count(s) |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court |
| ☒ | **was found guilty on Counts 1 through 4 of the Superseding Indictment at Jury Trial after a plea of not guilty.** |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21 U.S.C. § 963 Conspiracy to import five kilograms or more of cocaine. | 11/08/2022 | 1s |
| 18 U.S.C. § 1956(h) Conspiracy to engage in money laundering. | 11/08/2022 | 2s |
| 18 U.S.C. § 1956(s)(2)(A) Attempted money laundering. | 11/08/2022 | 3s |
| 18 U.S.C. § 1952(a)(3) Foreign travel in aid of racketeering. | 11/08/2022 | 4s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s) ☐ is ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 5, 2024**
_____
Date of Imposition of Judgment


_____
Signature of Judge

**KATHLEEN M. WILLIAMS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

8/8/24
_____
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                          Judgment -- Page 2 of 7

DEFENDANT:          ANDREW ALTURO FAHIE
CASE NUMBER:        1:22-CR-20191-KMW(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**135 months - this term consists of 135 months as to each of Counts 1 through 3 and 60 months as to Count 4, all such terms to run concurrently.**

☒      **The court makes the following recommendations to the Bureau of Prisons:**
       **Defendant be designated to a facility in or as close to South Florida as possible.**


☐      The defendant is remanded to the custody of the United States Marshal.
☐      The defendant shall surrender to the United States Marshal for this district:

       ☐   at                              ☐   a.m.   ☐   p.m.   on

       ☐   as notified by the United States Marshal.

☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☐   before 2 p.m. on
       ☐   as notified by the United States Marshal.
       ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


        Defendant delivered on _____ to

at _____, with a certified copy of this judgment.



                                             UNITED STATES MARSHAL

                                                       By
                                             DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case           Judgment -- Page 3 of 7

DEFENDANT:      ANDREW ALTURO FAHIE
CASE NUMBER:      1:22-CR-20191-KMW(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **five (5) years – this term consists of 5 years as to Count 1 and 3 years as to each of Counts 2 through 4, all such terms to run concurrently.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

     You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 7

DEFENDANT:          ANDREW ALTURO FAHIE
CASE NUMBER:        1:22-CR-20191-KMW(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                                    Judgment -- Page 5 of 7

DEFENDANT:           ANDREW ALTURO FAHIE
CASE NUMBER:         1:22-CR-20191-KMW(1)

## SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction:** The defendant is prohibited from associating with co-defendants while on supervised release.

**Cooperating with Immigration during Removal Proceedings:** The defendant shall cooperate in any removal proceedings initiated or pending by the U.S. Immigration and Customs Enforcement consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of probation, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                                                   Judgment -- Page 6 of 7

DEFENDANT:          ANDREW ALTURO FAHIE
CASE NUMBER:        1:22-CR-20191-KMW(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $400.00 | $.00 | $.00 | | |

☐ The determination of restitution is deferred until      An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the      ☐ fine      ☐ restitution

    ☐ the interest requirement for the      ☐ fine      ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. §2259.
** Justice for Victims of Trafficking Act of 2015, 18 U.S.C. §3014.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                                    Judgment -- Page 7 of 7

DEFENDANT:        ANDREW ALTURO FAHIE
CASE NUMBER:      1:22-CR-20191-KMW(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☒   **Lump sum payments of $400.00 due immediately.**

**It is ordered that the Defendant shall pay to the United States a special assessment of $400.00 for Counts 1s, 2s, 3s and 4s ,
which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be
addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.

☒   **The defendant shall forfeit the defendant's interest in the following property to the United States:**
    **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea
    agreement.  The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5)
fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution
and court costs.

DE354

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:22-CR-20191-WILLIAMS**

**UNITED STATES OF AMERICA**

**vs.**

**ANDREW A. FAHIE**

_____/

**ORDER GRANTING UNOPPOSED MOTION BY COURT-
APPOINTED APPELLATE COUNSEL FOR DEFENDANT FAHIE TO
ACCESS SEALED DOCKET ENTRIES FOR REVIEW FOR APPEAL**

This matter came before this Court on the Unopposed Motion by Court-Appointed Appellate Counsel for Defendant Fahie to Access Sealed Docket Entries for Review for Appeal (DE 353), and the Court noting the motion is unopposed and that appellate counsel's access to the sealed docket entries is needed for appellate counsel to complete an effective appeal to the Eleventh Circuit in Case No. 24-13063, it is

**ORDERED** that the Motion is **GRANTED** and appointed appellate counsel is granted access to the sealed docket entries for review in connection with completion of the appeal. The docket entries remain under seal.  The following sealed docket entries are to be made available to appellate counsel for Defendant Andrew A. Fahie: DE 53, 54, 55, 56, 57, 70, 71, 72, 78, 79, 80, 81, 82, 83, 84,

85, 86, 87, 88, 89, 92, 96, 108, 109, 111, 120, 121, 122, 131, 133, 134, 135, 137, 140, 141, 142, 143, 144, 145, 146, 148, 149, 154, 155, 156, 157, 187, 191, 192, 193, 194, 196, 197, 199, 200, 201, 202, 203, 236, 237, 238, 257, 258, 259, 260, 267, 268, 269, 276, 277, 278, 294, 295, 306, 309, 319, 320, 326, 327, 331.

**DONE and ORDERED** in Miami-Dade County, Florida on January 27th, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I certify on February 10, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify this document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By:   *S/ Benedict P. Kuehne*
        **BENEDICT P. KUEHNE**